180 So.2d 388 (1965)
Eunice Mae GIBSON, Appellant,
v.
Ronald Edward GIBSON, Sr., Appellee.
No. G-431.
District Court of Appeal of Florida. First District.
November 23, 1965.
Campbell & Rice, Crestview, for appellant.
Coe & Coe, Pensacola, for appellee.
WIGGINTON, Acting Chief Judge.
This appeal is from a final decree dismissing with prejudice appellant's complaint entered upon a motion made by appellee at the close of plaintiff's evidence. The motion was grounded upon the premise that the evidence adduced by appellant fails to establish a right to the relief prayed in the complaint. It is contended on appeal that appellant's proof made out a prima facie case for relief, and the chancellor therefore erred in dismissing the cause at the close of plaintiff's evidence.
This action in chancery was instituted by Lucile Steele as guardian of Eunice Mae *389 Gibson, an incompetent. The defendant, Ronald Edward Gibson, brought suit and received a decree of divorce against Eunice Mae Gibson in 1954. In connection with the divorce proceeding, Gibson and his wife entered into a written agreement disposing of property owned by them and accumulated during their marriage, and settling the custody of their children. This agreement was confirmed by the court and fully effectuated by the parties. Eunice Mae Gibson was not at that time represented by counsel but signed a waiver of service of process and right to plead or present evidence and to notice of further proceedings. The complaint filed by the guardian in the proceeding now before this Court for review seeks to set aside the property settlement agreement and the final decree of divorce on the primary ground that at the time the agreement, together with the waiver of service of process, were signed by the wife, Eunice Mae Gibson, the latter was mentally incompetent, which fact was well known to her husband, the plaintiff in that action. Because of such incompetency plaintiff in the case sub judice contends that the property settlement agreement was void, her waiver of service of process ineffective, thereby depriving the trial court of jurisdiction over the incompetent's person. In addition, it is contended that the appellee husband perpetrated a fraud on the court in connection with the divorce proceedings by failing to reveal to the court his wife's mental incompetence.
By her brief on appeal appellant states that in granting the motion of the defendant, the court, in effect, ruled that the plaintiff, at the close of her case, failed to make a prima facie showing that Eunice Mae Gibson was incompetent during the time the divorce proceedings were pending against her. Appellant asserts that the test to be applied in determining whether the motion should have been granted is whether the evidence, considered in its entirety and the reasonable inferences which may be drawn therefrom, failed to prove plaintiff's case under the issues made by the pleadings. The applicable test which appellant contends should have controlled the chancellor's action in ruling upon the motion to dismiss the complaint is the universal test spelled out in the case of Hartnett v. Fowler.[1] The procedure involved in the Hartnett case was an order entered by the trial court granting a defendant's motion for a directed verdict. The Supreme Court held the test to be applied in passing upon the propriety of such a motion is that a party who moves for a directed verdict admits for the purpose of testing the motion the facts in evidence and every reasonable and proper conclusion based thereon which is favorable to the adverse party. The rule further provides that a directed verdict for the defendant is appropriate only when the evidence, when considered in its entirety, and the reasonable inferences to be drawn therefrom, fails to prove the plaintiff's case under the issues made by the pleadings.
In relying upon the test applicable to motions for directed verdicts as controlling in the case sub judice, appellant has misconceived the principle of law which is applicable in passing upon a motion for involuntary dismissal in a nonjury case.
Appellee's motion for a dismissal of this action made at the close of plaintiff's evidence was in pursuance of Rule 1.35(b), 1954 Rules of Civil Procedure, 30 F.S.A.[2]
*390 The foregoing rule is the counterpart of amended Federal Rule 41(b), Federal Rules of Civil Procedure.[3]
It will be observed from an examination of the rules quoted in the footnotes that the only material distinction between the Florida and Federal rules dealing with involuntary dismissals lies in the fact that the Federal rule may be employed only in nonjury cases where the court is sitting as the trier of both the facts and the law,[4] whereas the Florida rule may be employed in the trial of every case, whether jury or nonjury. If a motion under the Florida rule is made in a case being tried by a jury, the motion is treated as a motion for directed verdict, and the test applicable to the motion for directed verdict is applied in passing upon the motion made under this rule.[5] If, however, the motion is made in a nonjury case where the judge is sitting as the trier of both the facts and the law, the rule to be applied is that pronounced by the decisions of the Federal courts construing the Federal counterpart Rule 41 (b).
In discussing the function of the trial court in a nonjury case when passing upon a motion for involuntary dismissal under Rule 41(b), Federal Rules of Civil Procedure, Professor Moore in his work on Federal Practice says:
"Subdivision (b) was amended in 1946 by inserting therein provisions authorizing the court in an action tried without a jury to determine the facts on defendant's motion to dismiss at the end of plaintiff's case, make findings as provided in Rule 52(a), and render judgment against the plaintiff or decline to render any judgment until the close of all the evidence. These provisions were inserted to resolve a conflict among the circuits in favor of the view that as the judge is trier of the facts, in a non-jury case, his function is not the same on a motion to dismiss as on a motion to direct a verdict, where the jury is the trier of the facts. Thus under this amendment the trial judge in a non-jury case may pass on conflicts of evidence and credibility on a motion to dismiss made at the end of the plaintiff's case, but if he then evaluates the testimony and grants the motion, it is a decision on the merits and findings should be made as in any other case decided on the merits.

*391 "In 1963 subdivision (b) was further amended so as to render the motion to dismiss at end of plaintiff's case applicable to non-jury cases only. Prior to this amendment such a motion could be made in cases tried with or without a jury. With respect to jury-tried cases, however, this motion overlapped the motion for a directed verdict under Rule 50(a), which is available in the same situation. The overlap had caused confusion, particularly with respect to whether findings were required in granting a Rule 41(b) motion in a jury-tried case. Accordingly, the possibility of the overlap was eliminated by providing that the Rule 41(b) motion for dismissal at the close of the plaintiff's case may be made only in cases tried by the court (including those tried with an advisory jury). * * *"[6]
To like effect is the statement by Barron and Holtzoff in their work on Federal Practice and Procedure which is as follows:
"In a case tried without a jury when a motion to dismiss is made for insufficiency of the evidence, the rule now makes it the duty of the court to weigh the evidence. It is the duty of the court, if it finds the plaintiff's evidence insufficient, to render judgment on the merits for the defendant, and make findings of fact as provided in Rule 52(a) and as expressly required by amended Rule 41(b). * * *"[7]
From the foregoing it appears that the proper test applicable to a motion for involuntary dismissal made in a nonjury case pursuant to Rule 1.35(b), 1954 Rules of Civil Procedure, is that the court, sitting as the trier of both the facts and the law, is required to weigh the evidence, resolve the conflicts, and pass upon the credibility of the witnesses. If it finds that plaintiff's evidence is insufficient to warrant a judgment or decree granting the relief prayed, it may render judgment on the merits for the defendant. Alternatively, the court, in the exercise of its discretion, may decline to render any judgment until the close of all the evidence if a doubt exists as to the sufficiency of plaintiff's evidence to establish a right to the relief prayed.
We have carefully examined the evidence adduced at the trial before the chancellor in the case sub judice. Our examination fails to reveal evidence from which it can be held that the chancellor abused his discretion in determining that plaintiff's evidence was insufficient to warrant the relief prayed. Had the chancellor seen fit to give more weight to those phases of plaintiff's evidence most favorable to her, and had considered such evidence as being unquestionably credible, then it is doubtful that an order denying defendant's motion for involuntary dismissal would have been disturbed on appeal. It is evident, however, that the chancellor in weighing the evidence before him, and in passing upon the credibility of the witnesses who had testified for plaintiff, concluded that the evidence was insufficient to justify a decree granting plaintiff the relief prayed by her complaint. Such conclusion is consistent with a reasonable interpretation of the evidence contained in this record.
The conclusion we reach herein conforms to that reached by the Second District Court of Appeal in the case of Tampa Wholesale Co. v. Foodtown, U.S.A., Inc.[8] In that case the court, in an opinion written by Judge Andrews, discussed the test to be applied by a trial court in passing upon a motion for involuntary dismissal made in a nonjury case under Rule 1.35(b), 1954 Rules of Civil Procedure. The court said:

*392 "For the purpose of the appeal, the appellant urges us to deem as admitted all inferences in its favor which may reasonably be found from the evidence. This procedure, applicable on appeals from directed verdicts in cases tried by jury, cannot be adopted here. To do so would render negatory the following sentence in Rule 1.35(b): `In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.'
* * * * * *
"Where, as here, the trial court, sitting without a jury, determines the facts from the plaintiff's evidence and concludes that, upon the facts and the law, the plaintiff has shown no right to relief, its order dismissing a plaintiff's cause should be affirmed, unless `clearly erroneous.' Global Commerce Corporation v. Clark-Babbitt Industries, Inc., 2 Cir. 1958, 255 F.2d 105. * * *"
We are not unmindful of the fact that the Third District Court of Appeal, in the case of Wajay Bakery, Inc. v. Carolina Freight Carriers Corporation,[9] reached a contrary conclusion. It is our view, however, that the decisions of the Federal courts construing counterpart Rule 41(b), and the decision of the Second District Court of Appeal in the Tampa Wholesale Co. case, supra, more correctly state the intent of the rule-making authority in the promulgation of the rule under consideration, and lead to a more reasonable and logical result than the conclusion reached by the Third District Court of Appeal in the Wajay case.
Furthermore, we have not overlooked that part of the decision rendered by the Supreme Court in the Hartnett v. Fowler case, supra, which holds that where a law action is tried by the judge without a jury, a motion for directed verdict is made and governed by the same rules and principles as in the cases where the cause is being heard by a jury. This holding is predicated entirely upon the earlier decision of the court rendered in the case of E.E. Alley Co. v. Ball.[10] When the Alley case was decided in 1931, the practice of law in Florida was governed by common law rules of procedure. There was no rule of procedure effective at that time comparable to our present Rule 1.35 governing involuntary dismissal of actions with prejudice. Under the rule promulgated in the Alley Co. case, a defendant was required to continue with the trial of his defenses even though the trial judge, sitting as a judge of both the facts and law, had already concluded on motion for directed verdict that the plaintiff's evidence was insufficient to establish his right to any relief. Such a result can hardly be said to be compatible with the modern concept of efficient, economical, and orderly administration of justice. Under the rules of procedure presently effective in this state, a motion for directed verdict made by defendant in a nonjury case should be treated and disposed of as a motion for involuntary dismissal under Rule 1.35(b), Florida Rules of Civil Procedure. If a motion for involuntary dismissal is made by defendant in a case tried to a jury, it should be treated and disposed of as a motion for directed verdict under Rule 2.7, Florida Rules of Civil Procedure, 31 F.S.A. This is the interpretation placed by the Federal courts on the comparable rules of federal procedure of which the Florida rules are a counterpart.
For the reasons and upon the authorities cited above, we hold that the chancellor did not err in entering the final decree of involuntary dismissal in this case. The decree appealed is accordingly affirmed.
STURGIS and JOHNSON, JJ., concur.
NOTES
[1] Hartnett v. Fowler, (Fla. 1957) 94 So.2d 724.
[2] "Involuntary Dismissal. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

"After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.
"With Prejudice. Unless the court in its order for dismissal otherwise specifies, a dismissal under the foregoing paragraph, other than a dismissal for lack of jurisdiction, for improper venue or for the lack of an indispensable party, operates as an adjudication upon the merits."
[3] "Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits."
[4] 5 Moore, Federal Practice ¶ 41.01[12] (2d Ed. 1964).
[5] O'Brien v. Westinghouse Electric Corp., 293 F.2d 1, 5-10, (3d Cir.1961); 5 Moore, Op. cit. supra note 4.
[6] 5 Moore, Op. cit. supra note 4 at pp. 1007-1008.
[7] 2B Barron & Holtzoff, Federal Practice and Procedure, pp. 149-150 (1961).
[8] Tampa Wholesale Co., Inc. v. Foodtown, U.S.A., Inc. (Fla.App. 1964) 166 So.2d 711.
[9] Wajay Bakery, Inc. v. Carolina Freight Carriers Corporation, (Fla.App. 1965) 177 So.2d 544.
[10] E.E. Alley Co. v. Ball, 102 Fla. 1034, 136 So. 704.