WIGGINTON, Judge.
Plaintiff has appealed a final decree dismissing with prejudice the complaint filed by him charging defendants with violation of the state election code.
*890 By his complaint brought pursuant to Section 104.27(9),[1] appellant alleged the following facts. In the 1964 primary election campaign conducted by appellee Robert L. Harris for the office of County Commissioner of Duval County, the co-ap-pellee, John D. Harris, was the duly appointed and acting campaign treasurer. The report of campaign contributions and expenditures made by appellees at the conclusion of the campaign showed contributions in the sum of $13,560.00, and expenditures in the sum of $13,485.23. Appellees authorized, incurred, and made additional expenditures for advertising costs in the sum of $13,986.37, none of which were either reported or accounted for. In addition to the unreported and unaccounted-for expenditures therein alleged, appellees also authorized, incurred, and made other campaign expenditures for services and advertising through the firm of Crisp and Harrison Agency in the amount of $32,-482.68, which amount was paid but no part thereof was ever accounted for or reported as expenses of the campaign. Because of the foregoing appellees knowingly violated four provisions of the election code hereinafter referred to. The complaint prayed that appellees be required to answer the complaint, and after considering the evidence to be adduced by the parties the court enter such order or decree as may be warranted. The answer of appellees constituted a general denial of the material allegations of the complaint.
The case was tried by the court without a jury. At the conclusion of the evidence offered by appellant, appellees moved for an order dismissing the cause of action with prejudice. Upon consideration of the motion, the chancellor entered his final decree in which he found that appellant had failed to prove by a preponderance of the-evidence that appellees, or either of them, knowingly or willfully violated the election laws of Florida as alleged in the complaint. The cause of action was accordingly dismissed with prejudice at the cost of appellant. By his decree the chancellor found it unnecessary to pass upon the question of whether appellees violated the election law in permitting themselves the benefit of an advertising discount on advertising placed at their request by an advertising agency to whom the discount was allowed.
By his first point on appeal appellant challenges the correctness of the chancellor’s action in granting appellees’ motion for involuntary dismissal of the cause upon a finding that appellant had failed to prove the allegations of his complaint by a preponderance of the evidence. It is appellant’s contention that by his proof he established a prima facie case of violation of the election code by appellees, and the court erred in holding that the burden rested upon him at that stage of the case to establish the allegations of his complaint by a preponderance of the evidence in order to avoid dismissal of his action.
The motion for involuntary dismissal was made by appellees pursuant to Rule 1.35 (b), 30 F.S.A.[2] This court had occasion *891 to pass upon the precise point now presented by appellant when it rendered its decision in the case of Gibson v. Gibson.[3] In that case the issue was resolved against the contention advanced by appellant in the case sub judice when this court said:
“From the foregoing it appears that the proper test applicable to a motion for involuntary dismissal made in a nonjury case pursuant to Rule 1.35(b), 1954 Rules of Civil Procedure is that the court, sitting as the trier of both the facts and the law, is required to weigh the evidence, resolve the conflicts, and pass upon the credibility of the witnesses. If it finds that plaintiff’s evidence is insufficient to warrant a judgment or decree granting the relief prayed, it may render judgment on the merits for the defendant. Alternatively, the court, in the exercise of its discretion, may decline to render any judgment until the close of all the evidence if a doubt exists as to the sufficiency of plaintiff’s evidence to establish a right to the relief prayed.”
From the rule announced in Gibson it is our view that in considering the motion for involuntary dismissal made by appellees at the close of appellant’s evidence, the chancellor properly considered on its merits the case made by appellant through the proofs adduced by him. In so doing, the chancellor concluded that appellant had failed to establish by a preponderance of evidence a right to the relief prayed by his complaint. A prima facie showing of the violations alleged was not sufficient to defeat the chancellor’s right to resolve the issues against appellant on the evidence before him, if on the merits the chancellor concluded that ap-pellant had not established a right to the relief sought.
The provisions of the election code which appellant alleged that appellees had violated are as follows: (a) F.S. Section 99.161(4) (a), F.S.A., providing that no contribution or expenditure of money shall be made except through the duly appointed campaign treasurer; (b) Section 99.161(6), F.S., providing that no candidate or campaign treasurer shall authorize the incurring of any expense in behalf of the candidate unless there are moneys on deposit in the campaign depository to the credit of the campaign fund sufficient to pay the amount of the expenses authorized, together with all other expenses previously authorized; (c) F.S. Section 99.161(7), F.S.A., providing that no campaign expenses shall be incurred except upon the written authorization of the campaign treasurer, coupled with the certificate of the claimant for such expense and the written order of the campaign treasurer for payment thereof; (d) F.S. Section 99.161(8) F.S.A., requiring that periodic reports of all contributions and expenses of the campaign be filed with the officer before whom the candidate is required to qualify.
The evidence establishes without conflict that all except two of the items of cost which were authorized, incurred, and paid for campaign advertising were properly reported and accounted for by the campaign treasurer. The two items of advertising cost not reported or accounted for were neither authorized nor paid for by appel-lees, and were never recognized as proper claims against appellees, or the campaign fund which they administered. No attempt was made by appellant to prove that allegation of the complaint which charged that expenditures for services and advertising through the firm of Crisp and *892 Harrison Agency in the amount of $32,-482.68 were authorized, incurred, and paid but never reported or accounted for.
From the evidence it affirmatively appears that at the outset of the campaign, candidate Harris enlisted the aid of his personal friend, Dan Crisp, to assist him by handling all of the campaign advertising which would be needed. Crisp was the owner of an advertising agency and was experienced in the field of preparing and placing for publication advertisements in newspapers and magazines, as well as display advertisement on billboards and in other media. Crisp agreed to undertake the handling of this phase of Harris’ campaign. From time to time Crisp met with the campaign committee, consisting of the campaign treasurer and others, and there decided the nature and extent of the campaign advertising which would be undertaken in the immediate future. Requests for authorization to incur the agreed items of advertising costs were made by Crisp, and authorization issued by the campaign treasurer. In each instance the prescribed form of claim was signed by Crisp, and the order for payment thereof issued by the campaign treasurer. Crisp arranged for all advertising through the several media employed during the campaign, giving his agency check in payment of the expenses when incurred, and subsequently receiving reimbursement therefor from the campaign treasurer. Crisp was specifically instructed not to request authorization for or incur any advertising costs in excess of the un-obligated balance remaining from time to time in the campaign treasury.
Despite Crisp’s agreement to comply with the foregoing instruction, the evidence reveals that on numerous occasions throughout the campaign he incurred and paid advertising costs in excess of the un-obligated balance remaining from time to time in the campaign treasury. The purchase of campaign advertising by Crisp was so loosely handled that when the campaign ended, it was discovered that he had incurred and paid expenses of approximately $2,500.00 for which he was never reimbursed by the campaign treasurer. There-is no contention that the acts of appellees- and Crisp were corrupt or the product of an evil design to defeat the free choice-of the voters in a democratic election. There can be no doubt, however, but that the campaign advertising program was not handled strictly in accordance with the letter and spirit of the election code. The practice of incurring campaign expenses in-excess of the unobligated balance then-remaining in the campaign treasury is-strictly prohibited by the code, and should be avoided by those in charge of election-campaigns in Florida.
 It must be remembered, however,, that it is not every infraction of the election-code which calls for the imposition of the penalties prescribed thereby. The infractions, in order to be subject to the sanctions of the statute, must have been knowingly committed. The record reveals that both appellees denied having any knowledge of the fact that Crisp was incurring expenses for campaign advertising in excess of the unobligated balance in the campaign treasury available for that purpose. Despite this lack of actual knowledge, appellant contends that because of their close relationship with Crisp, knowledge of the latter’s actions should be imputed to appellees and a presumption of law should arise that they were fully informed of his violations of the election code when they occurred from time to time during the course of the campaign. We cannot agree that knowledge of Crisp’s actions should be imputed to appellees under the evidence shown by this record, or that they should be conclusively presumed to have known the extent of his activities in the premises. Upon consideration of the proofs offered during the trial, the chancellor concluded that appellant had failed to establish by a preponderance of the evidence that appel-lees had knowingly violated the provisions *893 of the election code. This is the conclusion reached by the chancellor in the exercise of his discretion, and it is our view that it is reasonably supported by the record.
In opposition to the motion for involuntary dismissal appellant urged that the evidence revealed an additional violation of the election code by appellees for which the sanctions prescribed by the statute should be imposed. Appellant contends the testimony establishes without dispute that Dan Crisp used his position as the head of an advertising agency to procure from the media with whom he placed campaign advertising the standard fifteen per cent discount granted agencies under circumstances of this kind, which discount he passed on to the Harris campaign and never reported as a campaign contribution as required by the election code.[4] Appellant contends that the services rendered by Crisp for which the discount was allowed constituted “a thing of value” within the spirit and meaning of the election code, and properly should have been reported as a campaign contribution.
By his decree the chancellor specifically declined to pass on the foregoing issue belatedly raised by appellant. It seems clear that the issue sought to be injected into the case by appellant was outside the scope of the pleadings. In the exercise of his discretion the chancellor was of the view that the attempt to introduce into the case during the trial a new issue having no foundation in the pleadings was untimely and would unfairly prejudice the defense of the cause by appellees. The chancellor a.cted in the exercise of his discretion and we fail to find that his ruling in this regard constituted an abuse of discretion requiring reversal of the decree.
We have considered the remaining points urged by appellant but find them to be without substantial merit. The decree appealed is accordingly affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. § 104.27(9), B.S.A.
“Any elector having information of any violation of § 99.161 may file a petition in any circuit court of this state in the county in which the person or persons violating said § 99.161 resides. The petition shall he filed in duplicate and the clerk of the court where the same is filed shall within three days after its filing send one of such duplicate copies to the attorney general. The procedure in each such case after the filing of the petition shall be the same as is provided for the prosecution and defense of a chancery case. * * * ”

. Rule 1.35(b), B'.R.O.P. — Involuntary Dismissal.
“Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that upon the facts and the law the party seeking affirmative relief has shown no right *891 to relief without waiving his right to offer evidence in the event the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence. * * * ”

. Gibson v. Gibson, (Ma.App.1965) 180 So.2d 388, 391.

. F.S. § 99.161(4) (a), F.S.A.
“No contribution or expenditure of money or other thing of value, nor obligation therefor, including contributions, expenditures, or obligations of the candidate himself or of his family, shall be made, received, or incurred, directly or indirectly, in furtherance of the candidacy of any candidate for political office in the state except through the duly appointed campaign treasurer or deputy campaign treasurers of the candidate.”