CARROLL, DONALD K., Judge.
The plaintiff in an action for a real estate broker’s commission has appealed from a final judgment entered by the Circuit Court for Volusia County dismissing his cause of action with prejudice.
The sole substantial question presented for our determination in this appeal is whether the said court committed reversible *72 error in entering the said final judgment before the parties to the action had presented any evidence in support of the allegations in their pleadings. Our function, therefore, is to ascertain whether the Circuit Court was authorized to enter that judgment under any of the court rules applicable in this state to situations like that shown in the record before us. This task is made more difficult by that fact that the Circuit Court failed to set forth in the said judgment its reasons for entering the judgment.
The background facts leading up to the entry of the judgment appealed from are briefly as follows:
In his second amended complaint the plaintiff, Dodge, alleges that he is a duly registered and licensed real estate broker and that he entered into a listing agreement with the defendants, Mr. and Mrs. Weiss, wherein he, on behalf of the defendants, was to procure a purchaser ready, willing, and able to buy the defendants’ trailer park, together with improvements located thereon and furniture and fixtures contained therein, for which services Dodge was to receive a commission fee of 10% of the purchase price; that Dodge did procure one Hazel R. Coyle as such a purchaser, and she did buy from the defendants the described property for a consideration of $85,000; but that the defendants, upon demand, had failed to pay Dodge his said commission fee or any part of it.
In their answer to the said complaint the defendants admit that they made the said sale and had not paid any moneys to Dodge, for no moneys were due and owing to him. Incorporated in their answer is their counterclaim in which they allege that the said action was filed without just cause and for the sole purpose of harassment and embarrassment, so that the defendants are entitled to the court costs and attorney’s fee. To this counterclaim Dodge filed his answer, denying in substance the truth of the allegations in the counterclaim. The plaintiff and the defendants filed motions for summary judgment, which motions were denied by the Circuit Court. The court then, however, entered the final judgment appealed from herein granting the defendants’ motion to dismiss Dodge’s cause of action. No question is raised in this appeal concerning the propriety of the said orders denying the parties’ motions for summary judgment.
As mentioned above, the court’s reasons for dismissing Dodge’s cause of action in the final judgment are not ascertainable from that judgment. In his appellate brief the appellant, Dodge, fails to throw light on those reasons, while the appellees-defen-dants have filed no appellate brief with this court. Nevertheless, in their oral argument before this court the attorneys for the parties indicated that the said final judgment was intended by the Circuit Court as an exercise of the power vested in trial courts to enter involuntary dismissals pursuant to the provisions in Rule 1.35, subdivision (b), of the Florida Rules of Civil Procedure, 30 F.S.A., which subdivision reads as follows:
“(b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that upon the facts and the law the party seeking affirmative relief has shown no right to relief without waiving his right to offer evidence in the event the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of juris *73 diction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.”
If the just-quoted provisions of the rule form the sole authority for the court’s entry of the final judgment, the judgment cannot stand under the controlling decisions of this court.
In Gibson v. Gibson, Fla.App., 180 So.2d 388 (1965), this court held that, if a motion for involuntary dismissal is made by the defendant in a case tried before a jury, “it should be treated and disposed of as a motion for directed verdict under Rule 2.7, Florida Rules of Civil Procedure, 31 F.S.A.” A motion for a directed verdict cannot, of course, be properly made by the defendant until the plaintiff has completed the presentation of his evidence, as we pointed out in Sapp v. Redding, Fla.App., 178 So.2d 204 (1965). In the latter case we also directly held:
“No judicial interpretation is required to demonstrate that the condition precedent to a defendant’s making, and the trial court’s granting, of a motion for involuntary dismissal of the plaintiff’s cause is stated in the opening clause of the second paragraph quoted above, reading ‘After the plaintiff has completed the presentation of his evidence % íji ) J>
Applying to the case at bar the construction of the above-quoted rule which we adopted in our foregoing decisions, we find that a condition of the court’s entry of an involuntary dismissal is that the plaintiff shall have “completed the presentation of his evidence * * In the instant case the record shows that, when the said judgment was entered, the plaintiff had not completed the presentation of his evidence. No trial on the issues framed by the parties’ pleadings had, in fact, been held.
Turning then to other procedural rules that might possibly furnish the basis for the judgment before us, it is easy to conclude that the Circuit Court did not intend that judgment to be a final summary judgment, as provided for in Rule 1.36 of the Florida Rules of Civil Procedure, for the record shows that the said court has entered orders denying the plaintiff’s and defendants’ motions for summary judgments. Subdivision (c) of Rule 1.36 provides for the entry of a summary judgment “if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” We think that the Circuit Court correctly entered the said orders denying the said motions for summary judgments, for there were genuine issues of material facts before the court and neither the plaintiff nor the defendants were entitled to a summary judgment as a matter of law.
A third procedural rule that might possibly be contended to be a basis for the entry of the final judgment appealed from herein, is Rule 1.11, subdivision (c) F.R.C.P., which provides:
“(c) Motion for Judgment or Decree on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial, any party may move for -judgment on the pleadings.”
The just-quoted provision, in our opinion, cannot be held to authorize the entry of the said final judgment, dismissing with prejudice the plaintiff’s cause. The plaintiff’s second amended complaint, in our opinion, sufficiently states a cause of action against the defendants for a real estate broker’s commission, and the plaintiff was entitled, under our procedural rules, to nothing less than a full opportunity to present to the court his evidence in support of the allegations of his said complaint.
For the foregoing reasons, the final judgment appealed from here must be and it is reversed and the cause is remanded with directions to reinstate the plaintiff’s cause *74 and for further proceedings consistent with the views stated herein.
Reversed and remanded with directions.
RAWLS, C. J., and WIGGINTON, J., concur.