198 So.2d 872 (1967)
JOHN I. MOSS, INC., an Illinois Corporation, Appellant,
v.
The COBBS COMPANY, Inc., a Florida Corporation, Appellee.
No. 66-582.
District Court of Appeal of Florida. Third District.
May 2, 1967.
Rehearing Denied June 7, 1967.
*873 Snyder, Young & Stern, North Miami Beach, for appellant.
Shutts & Bowen and Thomas H. Anderson, Miami, Broad & Cassel and Lewis Horwitz, Miami Beach, for appellee.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
HENDRY, Chief Judge.
Appellant who was plaintiff below seeks reversal of a judgment for appellee-defendant entered in a non-jury trial after the court granted defendant's motion to dismiss the complaint with prejudice at the close of plaintiff's evidence. Defendant's motion for leave to withdraw its counter-claim was granted and the counter-claim was withdrawn with prejudice.
The plaintiff in the complaint alleges that it submitted to the defendant a franchise application together with the sum of $7,500.00. A copy of the application was attached to the complaint. The application provides that the information is requested solely for the purpose of evaluating applicant's qualifications as an owner of a Cobbs Country Restaurant and Gift Shoppe. The $7,500.00 enclosed with the application represents the franchise fee. If the application was not approved, the money was to be refunded. The terms of the franchise are not included in the application, however, the application provides:
"Site must be approved by franchisee, approval not to be unreasonably withheld. Franchise agreement must be mutually acceptable to both parties."
The plaintiff further alleges in the complaint that the franchise agreement was not acceptable and a demand for the return of the $7,500.00 was refused, wherefore plaintiff demands judgment in the sum of $7,500.00 plus interest and costs.
The defendant in its answer alleges that the refusal on the part of the plaintiff to consumate his agreement with the defendant was arbitrary, capricious and unreasonable and that plaintiff's statement that the franchise agreement was not acceptable to him was in bad faith. The defendant further alleges that it was willing to meet every reasonable objection of plaintiff but plaintiff could not be satisfied. Defendant filed a counter-claim for a sum in excess of $5,000.00 for money expended in preparation for the business applied for in the franchise application.
Plaintiff's evidence at the trial consisted of the testimony of its president, John I. Moss. Mr. Moss testified that he executed the franchise application on August 6, 1965, in the presence of representatives of the defendant. He requested a copy of the franchise agreement but the representatives did not have one with them. Further, since there was no indication where and when a site might be chosen or discussed, Mr. Moss requested that something be put into the application *874 to that effect. The language quoted above was typed in on the application and agreed upon. Mr. Moss further testified that he wanted to withdraw his application for personal reasons.
At the close of its case, plaintiff moved to amend the pleadings to conform with the evidence pursuant to Rule 1.15(b), Florida Rules of Civil Procedure, 30 F.S.A. to add an allegation that the defendant has plaintiff's money had and received of $7,500.00. The court determined that the amendment was a departure from the original pleadings and denied the motion.
The rule that the allegata et probata were required to coincide became obsolete with the adoption of Rule 1.15(b), supra. In Robbins v. Grace, Fla.App. 1958, 103 So.2d 658, the second district stated that, "In the absence of an objection that the evidence is not within the scope of the pleadings in a case which is tried as if the issue had been raised, amendment of pleadings is not imperative. * * * [F]ailure to prove the cause stated in the complaint may not defeat recovery by plaintiff, provided that the proofs actually made present a meritorious claim."
Before an examination of the evidence to determine whether a meritorious claim was presented, it is well to review the proper test applicable to a motion to dismiss in a non-jury case pursuant to Rule 1.35(b), Florida Rules of Civil Procedure, 30 F.S.A.
"[T]he court, sitting as the trier of both the facts and the law, is required to weigh the evidence, resolve the conflicts, and pass upon the credibility of the witnesses. If it finds that plaintiff's evidence is insufficient to warrant a judgment or decree granting the relief prayed, it may render judgment on the merits for the defendant. Alternatively, the court, in the exercise of its discretion, may decline to render any judgment until the close of all the evidence if a doubt exists as to the sufficiency of plaintiff's evidence to establish a right to the relief prayed."[1]
It appeared from the allegations set forth in the complaint, that plaintiff's cause of action for return of its money was based on defendant's failure to furnish a franchise agreement acceptable to plaintiff.
The argument set forth by the defendant in support of its motion to dismiss and in support of the judgment is that the plaintiff can not withdraw from the application at its pleasure but only in the exercise of good faith. This argument presupposes that the application is an enforceable agreement.
The rule that it is possible for parties to make an enforceable contract binding them to prepare and execute a subsequent agreement is well recognized.[2] However, "if the document or contract that the parties agree to make is to contain any material term that is not already agreed on, no contract has yet been made; and the so-called `contract to make a contract' is not a contract at all."[3]
In Hansen v. Catsman, 371 Mich. 79, 123 N.W.2d 265 (1963), the Supreme Court of Michigan affirmed a lower court's determination that an agreement prepared by the plaintiff was unenforceable where it provided that defendant contemplated erecting a building for use as a drug store and contemplated leasing said building. Approximate dimensions were set forth in the agreement which further provided building "to be erected in accordance with plans and specifications and design not as yet formalized." An additional stipulation was: "[P]rovided that said plans, specifications and design are acceptable to both parties that a lease shall be entered into between the parties." The agreement also provided that if for any reasonable reason the plans, *875 etc., are not acceptable to either party the $1,000.00 good faith money shall be returned. The Michigan Supreme Court held that because the agreement left several essential terms for further negotiation that it lacked the basic certainty which, under settled principles, is required before sanctions may be imposed.
An application for admission into a home for elderly women was one of the documents under consideration in McGinnis v. Enslow, 140 W. Va. 99, 82 S.E.2d 437 (1954). A portion of the syllabus by the court indicates its holding:
"The execution of an application form, in which the applicant agrees to convey all of her property upon admission to a semi-charitable institution, in return for life-time support and maintenance, which form does not embody the amount of the admission fee, the specific amount she is to receive as income, or the fact that the applicant is to make a test visit, without obligating the applicant to enter or the institution to accept her, does not constitute a binding contract, but is merely a preliminary negotiation of the terms of an agreement which, both parties being willing, will be entered into at some later date."
The proof submitted by plaintiff below shows that the application was not an enforceable agreement binding the parties to enter into the franchise agreement, but merely preliminary negotiations leading to an agreement.[4] The application contains none of the terms of the complex franchise agreement. A few of the essential terms to be agreed upon were the duration of the franchise and the franchise royalty fee. The franchise agreement was not furnished to the plaintiff at the time he signed the application nor is there any evidence that its essential terms were discussed and agreed upon. On remand, the defendant may bring forth evidence to the contrary when it presents its case.
We hold that the court erred in granting defendant's motion to dismiss and rendering judgment in its favor. The evidence submitted by the plaintiff warrants a recovery of the money paid on account of a contemplated agreement which was not executed. Since we have determined, on this state of the record, that there was no agreement, it is unnecessary to consider whether plaintiff acted in good faith in refusing to execute the franchise agreement.
Accordingly, the judgment appealed is reversed and the case remanded for further proceedings. The order granting defendant's motion to withdraw its counter-claim based on the judgment is also reversed and the counter-claim reinstated.
Reversed and remanded.
NOTES
[1] Gibson v. Gibson, Fla.App. 1965, 180 So.2d 388, 391.
[2] 1 Corbin, Contracts § 29 at 84 (1963).
[3] id at 85.
[4] Ocala Cooperage Co. v. Florida Cooperage Co., 59 Fla. 390, 52 So. 13 (1910).