207 So.2d 305 (1968)
Nathan LORBER, Appellant,
v.
AETNA LIFE INSURANCE COMPANY, a Connecticut Corporation, Appellee.
No. 67-4.
District Court of Appeal of Florida. Third District.
February 13, 1968.
Rehearing Denied March 12, 1968.
*306 Simons, Simons & Simons, Miami, for appellant.
Blackwell, Walker & Gray and James E. Tribble, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
This appeal is by the plaintiff from a final judgment in an action for a declaratory judgment. The controversy concerned plaintiff-appellant's claim under a disability insurance contract with defendant-appellee, in which appellee denied coverage. The effect of the judgment was a finding that appellant was not covered because he was not "unable to perform every duty of his occupation" as required by the contract. The judgment was entered at the close of plaintiff-appellant's evidence in a non-jury trial. A motion to dismiss at this stage in a nonjury trial is provided by Rule 1.420(b), 30 F.S.A.[1] We reverse upon a holding that the *307 trial judge failed to apply the proper legal test as to the degree of proof required.
The appellant, Nathan Lorber, was in the "floor covering business" from 1947 to the date, in 1957, of an accident next mentioned. In September 1957, he suffered a broken knee in an automobile accident. A surgical operation was necessary during which a pin was placed in his knee. After a period of convalescence, he continued in the same business for some six years.
In 1960, appellant applied for and received the disability policy which is now involved. There is no question of any failure to disclose the injury on the application or failure to follow any procedural steps required by the policy.
Appellant sold his business in 1962 and remained for six months as an advisor. In January of 1965, appellant accepted employment with a company which built and sold cabinets. In June of 1965, he gave up this employment, and in September he filed his claim under the policy. The evidence about appellant's claimed disability will be summarized in our discussion of appellant's first point.
This point urges that the trial judge erroneously excluded appellant's proffered evidence covering appellant's ability to perform the duties of his occupation. The evidence proffered consisted of treating physician's answers to hypothetical questions.[2] The questions were based upon the appellant's testimony as to the physical requirements of his work.
There is authority for the rule that physicians should not be able to state an opinion as to whether there was a total disability under a policy because this is the basic question before the trier of fact. But see contra Mutual Ben. Health & Acc. Ass'n v. Bunting, 133 Fla. 646, 183 So. 321 (1938). However, a medical specialist can answer a hypothetical question in accordance with any reasonable theory as long as the question is based upon evidence before the court. Millar v. Tropical Gables Corp., Fla.App. 1958, 99 So.2d 589; City of Miami Beach v. Belle Isle Apartment Corp., Fla. App. 1965, 177 So.2d 884; Atlantic Coast Line Railroad Company v. Braz, Fla.App. 1966, 182 So.2d 491. The physicians were not asked whether Mr. Lorber was disabled under the terms of the policy, but rather, *308 whether he could perform certain physical acts which had previously been set forth in Mr. Lorber's description of his occupational duties. The expert physicians should have been allowed to answer the hypotheticals.
The substance of the excluded testimony is that the appellant was unable to perform any occupation or activity requiring frequent bending or squatting because of arthritic change in the knee joint. The doctors further testified that the appellant ought not to return to the type of work that he was doing at the cabinet company.
The basic question presented by this appeal is raised by appellant's second point; that is, whether the trial judge clearly misconceived the weight of the evidence or applied an incorrect legal test in determining that the evidence offered by the plaintiff was insufficient to support a judgment for the plaintiff, appellant.
In John I. Moss, Inc. v. Cobbs Company, Fla.App. 1967, 198 So.2d 872, we again set forth the proper test applicable to a motion to dismiss upon the evidence at the close of plaintiff's case in a nonjury trial. Without restating the rule, it is sufficient to say that if the trial judge sitting without a jury concludes that upon the facts and the applicable law the plaintiff has shown no right to relief, then his order dismissing the plaintiff's cause should be affirmed unless clearly erroneous. See also Johnson v. Harris, Fla.App. 1966, 188 So.2d 888; Gibson v. Gibson, Fla.App. 1965, 180 So.2d 388; Tampa Wholesale Co. v. Fordtown, U.S.A., Inc., Fla.App. 1964, 166 So.2d 711.
In the final order of dismissal the trial judge set out findings as follows:
"1. That the plaintiff, NATHAN LORBER, suffered a partial disability to his left knee in an automobile accident which occurred in the year 1957 and prior to the issuance of the insurance policy sued upon, which became effective on September 15, 1960.
"2. That the aforesaid partial disability to the plaintiff continued to the date of the trial of this cause.
"3. That the plaintiff, NATHAN LORBER, suffered no additional injury to his left knee after September 15, 1960, and up to the present time.
"4. That the policy sued upon contains no coverage for such a partial disability.
"5. That the aforesaid partial disability does not require the regular care of a licensed physician other than the insured.
"6. That the insured did not become totally disabled within the terms of this policy on June 8, 1965, and has not become totally disabled within the terms of this policy since that date, and is not now so totally disabled."
It is uncontradicted, as of course almost all of plaintiff-appellant's testimony is at the close of plaintiff's case, that appellant's duties in his job at the time that he claimed disability were: counting materials, traveling over the plant which was two blocks long and three stories, lifting and checking lumber and moving material. In other words his job was not a sedentary sort of occupation.
In discussing the elements of the evidence necessary to prove a case under an occupational disability clause in an insurance policy, it is generally stated that the court must look to the insured's occupation as a whole in order to determine whether the insured can no longer perform his occupational duties. Metropolitan Life Ins. Co. v. Hawley, 1947, 210 Ark. 855, 198 S.W.2d 171; Greenwood v. Inter-Ocean Insurance Co., 1955, 242 N.C. 745, 89 S.E.2d 455.
The language of the contract in the present instance is, "unable to perform every duty pertaining to his occupation." In accordance with the usual rule, a liberal construction is given to such provisions in order to protect the policyholder. There is almost unanimous authority for the interpretation *309 of the provision quoted to provide that:
"If the insured is unable to perform his material duties pertaining to his usual and customary occupation in substantially the same manner as before, he may recover. If he is able to do substantially all the acts material to his business and there are only a few immaterial things which he cannot do, the rule is otherwise, but if there is any material, important, or substantial act which he cannot fulfill, recovery must be allowed." See Dennis v. Business Men's Assurance Company of America, La. 1965, 175 So.2d 431; Struble v. Occidental Life Insurance Co. of California, 1963, 265 Minn. 26, 120 N.W.2d 609; cases cited in IA, Appleman, Insurance Law and Practice, § 671, p. 601 note 5.
The cases in Florida are in accord on this interpretation. In New England Mut. Life Ins. Co. v. Huckins, 127 Fla. 540, 173 So. 696 (1937), the clause involved read, "If the insured * * * becomes physically or mentally incapacitated to such an extent * * * to perform any work for compensation, gain or profit." In that case the Supreme Court held:
"* * * the incapacity contemplated means incapacity or inability to the extent of being wholly and permanently unable to do substantially all the material acts that are usually required to be performed in the occupation or profession or work in which the insured is engaged."
See also Equitable Life Assur. Soc. v. McKeithan, 119 Fla. 486, 160 So. 883 (1935).
The identical clause with which we are here concerned was interpreted in Solberg v. Aetna Life Insurance Company, 1964, 151 Conn. 637, 201 A.2d 465. It was held that "total disability" under such a clause does not mean absolute helplessness, but contemplates a disability to perform all the substantial and material acts necessary to his usual occupation in a customary and usual manner.
Thus, the test appears to center on factors other than those set forth by the trial judge in his findings. The findings one through four and number six are concerned with "partial" as opposed to "total" disability. In view of the particular definition of total disability which has been given by the courts to clauses of this kind, we think that the findings reflect that the trial judge has applied the wrong rule of law to the facts presented by plaintiff-appellant's case.
Finding five concerns a different provision of the policy which limits recovery to a period in which the claimant was "under the regular care of a licensed physician." The evidence is to the effect that appellant would have to see a physician at least once in every eight months and that his physical condition is degenerative so that treatment is not curative. The weight of authority supports a holding that under such conditions the requirement for "regular care" is met by medical supervision and less regular consultation that otherwise would be the case. See cases and discussion in 15 Couch on Insurance 2d, § 53.156 and § 53.157. We hold that this defense does not appear as a matter of law from plaintiff-appellant's case.
For the reasons stated we reach the conclusion that the trial judge misinterpreted the legal effect of evidence offered by the plaintiff and that the order dismissing the cause with prejudice at the conclusion of plaintiff's case is clearly erroneous.
Reversed and remanded.
BARKDULL, J., dissents.
NOTES
[1] Rule 1.420(b)  Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that upon the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving his right to offer evidence in the event the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.
[2] The following is an example of the questions which were directed to the treating physicians;

"Q. (By Mr. Simons) Now, assuming, Doctor, if you will, the following facts to be true; that is, that Mr. Lorber, a fifty-nine year old man with the condition which you have found on examination, had the following occupation and duties wherein he was to receive merchandise shipped in by truck and physically counting and checking the merchandise, and sorting the shipment for assignment to the various departments of the factory, a factory which is of the size of two square blocks and three stories in height, and climbing up and down the stairs in covering that area; in addition to which his duties entailed the lifting of cartons weighing up to eighty to ninety pounds, and bending, pushing, and lifting other such things as lumber; could you, Doctor, within a reasonable degree of medical certainty, give us an opinion as to whether that man could perform these functions and assuming the further fact that he had the title of assistant purchasing agent?"
An objection to this question, and similar questions, was sustained by the trial court.