WALDEN, Judge.
This was a gross negligence case tried non-jury.
The trial judge granted defendants’ motion for a directed verdict at the close of plaintiff’s case and thereafter entered final judgment. Plaintiffs appeal. We affirm.
As concerns the evidence, it was adequate to withstand such motion under the criteria that obtains in jury trials. See discussion at 32 Fla.Jur., Trial, § 83 et seq. Plaintiff’s appellate presentation supposes that these criteria are available here and she argues that there were inferences that favored her case and relies upon Cadore v. Karp, Fla.1957, 91 So.2d 806.
But, as stated, this was a non-jury trial. In non-jury trials, a motion for directed verdict is tantamount to a motion for involuntary dismissal under Rule 1.-420(b), 30 F.S.A.[1] Thus, the trial judge *749 as trier of the fact was governed by different criteria and was entitled to weigh the evidence, resolve conflicts and pass upon the credibility of the witnesses. If in this light the court finds that plaintiff’s evidence is insufficient to merit judgment, the court may enter judgment at that point for the defendant. Gibson v. Gibson, Fla.App.1965, 180 So.2d 388; Johnson v. Harris, Fla.App.1966, 188 So.2d 888; John I. Moss Inc. v. Cobbs Company, Fla.App.1967, 198 So.2d 872; Lorber v. Aetna Life Insurance Company, Fla.App. 1968, 207 So.2d 305. See also Dodge v. Weiss, Fla.App.1966, 191 So.2d 71; and Tampa Wholesale Co. v. Foodtown, U.S.A., Inc., Fla.App. 1964, 166 So.2d 711.
We have reviewed the evidence and are of the opinion, in light of the presumption of correctness that attends the judgment appealed, that reversible error has not been demonstrated.
Affirmed.
McCAIN and REED, JJ., concur.

. “ * * * After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.” In Gibson v. Gibson, Fla.App.1965, 180 So.2d 388, it was held, “Under the rules of procedure presently effective in this state, a motion for directed verdict made by defendant in a nonjury case should be treated and disposed of as a motion for involuntary dismissal * *