253 So.2d 897 (1971)
Gertrude THOMPSON et al., Appellants,
v.
Dorothy E. WILLIAMS, Appellee.
No. 71-158.
District Court of Appeal of Florida, Third District.
October 5, 1971.
Rehearing Denied November 23, 1971.
*898 Weissenborn, Burr & Hyman, Miami, for appellants.
Miller & Russell and Samuel L. Bare, III, Miami, for appellee.
Before SWANN, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The plaintiff, Dorothy Williams sued the defendants for damages resulting from an automobile accident. Defendants denied negligence and alleged plaintiff was guilty of contributory negligence. A jury returned a verdict for the defendants. The trial court granted a new trial to Williams and defendants have appealed.
Defendants argue the trial court erred in setting forth the grounds for granting the plaintiff a new trial. They rely on Hodge v. Jacksonville Terminal Company, Fla. 1970, 234 So.2d 645; Cloud v. Fallis, Fla. 1959, 110 So.2d 669; and Nunberg v. Brodsky, Fla.App. 1969, 224 So.2d 727. Defendants contend that the order must state that the jury verdict was against the "manifest weight of the evidence".
The order for new trial provided, in part, "that the court is convinced that the evidence is uncontroverted that the sole proximate cause of the accident was the negligence of the defendant McKeon and that there is no evidence of negligence on the part of the plaintiff which proximately contributed to the cause of the accident".
If a trial judge finds the evidence is "uncontroverted" that the negligence of defendant McKeon (driver) was the sole proximate cause of the accident this is sufficient, in our opinion, to satisfy any requirement, that he must find the jury verdict was against the manifest weight of the evidence in order to grant a new trial.
We find no reversible error as to the order granting a new trial.
We have considered Point Two which was raised and argued by the defendants for reversal and have determined that it is without sufficient merit to warrant reversal.
The order granting the new trial is, therefore,
Affirmed.