406 So.2d 1253 (1981)
Omar LOPEZ, Jose Manuel Lopez Ambrosia Lopez and South Carolina Insurance Company, Appellants/Cross-Appellees,
v.
Isidore COHEN and Miriam Cohen, As the Personal Representatives of the Estate of Jerold Cohen, Deceased, Rochelle Vicki Cohen and Allstate Insurance Company, a Foreign Corporation, Appellees/Cross-Appellants.
No. 79-2281.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
*1254 Edna L. Caruso and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellants/cross-appellees Lopez.
Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellant/cross-appellee South Carolina Ins. Co.
Theodore A. Deckert and David J. Glatthorn of Brennan, McAliley, Hayskar, McAliley & Deckert, P.A., West Palm Beach, for appellees/cross-appellants.
PER CURIAM.
From an order granting a motion for a new trial, appeal and cross-appeal were taken, the lower court having awarded a new trial on all issues of liability and damages. We reverse and reinstate the verdict of the jury, but reduce the award to the plaintiff parents to $7,200; we deny the cross-appeal for new trial.
Plaintiffs, Isidore and Miriam Cohen, as the personal representatives of the estate of Jerold Cohen filed suit against Omar Lopez, Jose Manuel Lopez, and the owner's insurer, seeking damages for the wrongful death of Jerold Cohen. They also sued their own insurer, claiming under-insurance coverage. Omar Lopez and his parents and natural guardians counterclaimed against the personal representatives, Rochelle Vicki Cohen, and the owner's insurer, seeking damages for personal injuries. Both the decedent and Omar Lopez were minors at the time of the accident; Jose Manuel Lopez was the owner of the car defendant Lopez was driving, and Rochelle Vicki Cohen was the owner of the car plaintiff's decedent was driving.
Stated in brief, the Lopez vehicle was eastbound on a four-lane street while the Cohen vehicle was proceeding west, both approaching an intersection; it was late at night. The impact occurred just east of the intersection, when the Cohen vehicle apparently turned left or south across the street toward a convenience store. There was evidence that the control signal for Lopez was green as he passed through the intersection at a speed of 45 to 50 miles per hour and that the Cohen vehicle, without having on *1255 its directional signal or appearing to apply its brakes, turned in front of him; on the other hand, there was evidence that the Cohen vehicle had on its left turn signal, that the control signal for Lopez had already turned red, that he accelerated farther, running the light, that he left skid marks, and that he was traveling at a high rate of speed, the speed limit in the vicinity being 40 miles per hour. There also was testimony that Cohen had started driving about three months before the accident, that he was nearsighted and needed glasses, and that, from different witnesses, his glasses were found in the car and they were not found in the car after the accident.
The jury's verdict found for the plaintiff personal representatives and for the counterplaintiff Omar Lopez. Jerold Cohen was found 65 percent negligent and Omar Lopez 35 percent negligent; the jury also found that the counterplaintiff parents sustained damages in the amount of $10,000 on their claim for medical treatment and care of Omar Lopez, loss of his services, and damages to the vehicle he was operating.
Motions for new trial, together with other motions, were filed by the personal representatives and by Rochelle Vicki Cohen and her insurer. In its order granting a new trial the court stated "this Court finds that the verdict rendered herein is contrary to the manifest weight of the evidence as to both liability and damages, and further indicates a probable quotient verdict and a failure by the jury to properly consider the instructions of this Court in applying the law to the evidence."
In Wackenhut v. Canty, 359 So.2d 430, 435 (Fla. 1978) it was held that
Although an order for new trial need not incant language to the effect that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, the order must give reasons which will support one of these two conclusions so that it will be susceptible of appellate review. See Thompson v. Williams, 253 So.2d 897 (Fla.3d DCA 1971). Orders granting motions for new trials should articulate reasons for so doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused.
Recognizing the ruling in Wackenhut that the trial judge must give reasons in support of his findings, in Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980), there was added,
In reviewing the type of discretionary act of the trial court [to grant or deny a motion for new trial], the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.
See Akers v. Palm Beach Newspapers, Inc., et al., 386 So.2d 282 (Fla. 4th DCA 1980); Staib v. Ferrari, Inc., 391 So.2d 295 (Fla. 3rd DCA 1980); Equitable Life Assur. Soc. v. Fairbanks, 400 So.2d 550 (Fla. 4th DCA 1981).
In arriving at its conclusion above to grant the motion, the Court noted:
a. The jury in this case apportioned negligence between Omar Lopez and the deceased, Jerold Cohen, by finding the deceased Cohen boy to be 65% responsible for the accident involved herein and the Lopez boy 35% responsible. There is considerable evidence in the record that the Lopez boy was speeding at the time of the accident and this Court feels that any evidence of contributory negligence on the Part of the Cohen boy would have to be measured in relation to the speed of the Lopez vehicle. This Court finds that the evidence presented at the trial cannot support a finding by the jury that the Cohen boy, if he was guilty of any negligence, was proportionately roughly two-thirds responsible for the accident involved herein versus only one-third responsibility to the Lopez boy.
b. When the various damage figures awarded by the jury are reduced in accordance with the doctrine of comparative negligence, the net recoveries to the *1256 parties are virtually equal to the total damage sums suggested by counsel for the Lopezes and South Carolina during closing arguments. This Court feels that this result is more than just a coincidence. Of particular note in this regard is the jury's award of $10,000 to the parents of the Lopez boy, despite the instructions of the Court, according to agreement of counsel, that the most the jury could award the Lopez parents as total damages was a sum of approximately $7,200. This Court finds that the jury must have, in arriving at some apportionment of negligence, squared their dollar findings with the numbers that were suggested to them during closing argument. This Court can see no other basis for the jury awarding $50,000 for a leg injury which resulted in a minor disability and was not substantially disabling, and awarding $30,000 in damages for the life of a 17-year-old boy.
The Court appeared to be concerned first above with who was more at fault as between the two drivers and the proportion of responsibility. There is no question but what these were jury questions under the conflicting evidence. It was for the fact finder as to which testimony was more credible. Mere disagreement with the verdict of a jury is not sufficient warrant for a new trial. Snider v. Bancroft Inv. Corp., 61 So.2d 184, 185 (Fla. 1952). The reasons given by the court do not support the finding that the verdict was contrary to the manifest weight of the evidence, but lead us to believe that the court disagreed with the findings of the jury on liability and damages. The only effect of granting a new trial on this issue would be to have another jury try the case.
The trial court also felt that the verdict indicated a quotient verdict. "... . To constitute a quotient verdict however, it is essential that there be a preliminary agreement or understanding among the jurors that each will select a figure as representing his opinion of value or damage and that the sum of said amounts divided by the number of jurors will be accepted by each as his or her verdict, and is in fact so accepted." Marks v. State Road Department, 69 So.2d 771, 773 (Fla. 1954). There is no record support for the finding of a probable quotient verdict. The transcript of the testimony reflects that the jury was polled by the clerk as to whether the verdict was their verdict and each answered in the affirmative.
The result clearly demonstrates, however, that there was a failure by the jury properly to consider the instructions. The court instructed that if the verdict was for the parents of Lopez on their claim, the verdict should be in the stipulated amount of $7,200. Nevertheless, the jury awarded damages of $10,000.
There also was concern by the court, as indicated in paragraph "b" of its order that the recoveries to the parties were virtually equal to the total damage sums suggested by counsel for counterplaintiffs during closing argument. It saw no other basis for the jury awarding greater damages for a leg injury than for the life of the decedent. In Braddock v. Seaboard Air Line Railroad Company, 80 So.2d 662 (Fla. 1955), it was held that a jury might properly award damages equal to or in excess of those requested by counsel in closing argument. And in Allred v. Chittenden Pool Supply, Inc., 298 So.2d 361, 365 (Fla. 1974), it was observed that, "Great effect is given by our judicial system to the fact-finder's award of damages."
The jury was instructed that the only item to be considered in assessing damages recoverable by the Cohen parents was their mental pain and suffering as a result of their son's death. The damages incurred by Lopez, who had a much longer life expectancy than the decedent's parents, included more than pain and suffering; the jury was instructed it should also consider bodily injury, disability, and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no basis for the trial court's determination that these items of damages may not or should not exceed the pain and suffering of the decedent's parents.
*1257 Because of our decision that the verdict of the jury should be reinstated, it is not necessary to determine whether the trial court erred in excluding the testimony of a witness as to the speed of the eastbound Lopez vehicle, the witness viewing the headlights as it approached her while she was westbound as a passenger.
On the cross-appeal from the order granting new trial it is argued that it was error to allow the mother of Lopez to testify over objection that she was forced to discontinue her employment for some months to care for her son and to the approximate amount of earnings that she lost as a result. No claim however was made by the Lopezes for loss of earnings by Mrs. Lopez, nor did the attorney for the Lopezes in closing argument ask for loss of earnings; in fact, the court instructed the jury that it had been stipulated by counsel what amount the jury could consider for the parents. The award should be reduced to the stipulated amount of $7,200. Lewis v. Gauzens, 318 So.2d 174 (Fla. 3rd DCA 1975).
It was also argued that the trial court erred in allowing an answer from a medical witness that was beyond his competency and which invaded the province of the jury as the ultimate trier of fact, citing Lorber v. Aetna Life Insurance Company, 207 So.2d 305 (Fla. 3rd DCA 1968). Mentioned in Lorber, though, as being contra to the rule that physicians should not be able to state an opinion as to whether there was a total disability under a policy because that was the basic question before the trier of fact is the decision of Mutual Ben. Health & Acc. Ass'n. v. Bunting, 133 Fla. 646, 183 So. 321 (1938). Even prior to the adoption of § 90.703 of the Evidence Code, a witness was permitted to testify to an ultimate fact such as total disability. North v. State, 65 So.2d 77 (Fla. 1952).
The last point by the cross-appellants groups together what are classified as numerous improprieties of opposing counsel and other events at trial which had a cumulative prejudicial effect on the Cohens' rights to a fair trial. Each of the matters complained about has been carefully examined and found not cumulatively warranting a new trial, the court taking such action at the time of commission as might be judged to be appropriate. It was conceded that each when considered in isolation might be deemed harmless error.
We therefore reverse with directions to reinstate the verdict of the jury, but to reduce the award for the plaintiff parents to $7,200. The cross-appeal for new trial is denied.
REVERSED and REMANDED.
BERANEK and HERSEY, JJ., and WARREN, LAMAR, Associate Judge (Retired), concur.