177 So.2d 544 (1965)
WAJAY BAKERY, INC., a Florida corporation, Appellant,
v.
CAROLINA FREIGHT CARRIERS CORPORATION, a North Carolina corporation and Burley Welding Works, Inc., a Florida corporation, Appellees.
No. 65-56.
District Court of Appeal of Florida. Third District.
July 20, 1965.
*545 Owen S. Freed and Daniel Pearson, Miami, for appellant.
Shutts, Bowen, Simmons, Prevatt, Boureau & White and Garrette J. Wimpey, Miami, for Carolina Freight Carriers Corp.
Cecil C. Curry, Miami, for Burley Welding Works, Inc.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
CARROLL, Judge.
This is an appeal by the plaintiff below from an adverse judgment rendered in the civil court of record of Dade County. The action was by the appellant Wajay Bakery, Inc., against the appellees Carolina Freight Carriers Corporation and Burley Welding Works, Inc. It was alleged plaintiff purchased a certain bakery equipment machine from a dealer in New York City priced at $1,500; that the defendant Burley Welding Works, Inc., hereinafter referred to as Burley, was engaged by plaintiff to make certain necessary modifications on the machine prior to installation; that the defendant Carolina Freight Carriers Corporation, hereinafter referred to as Carolina, was engaged by plaintiff to transport the machine from New York to Burley in Miami; that Carolina received the machinery in New York and performed the required transportation; that the machine, which was crated, was in good condition when received by the carrier; that upon arrival employees of Burley and the carrier's driver proceeded to unload it; that through their negligence in the unloading of the machine it fell to the ground and was thereby broken and rendered useless. Plaintiff sought recovery of the full value of the machine, and damages for loss of use.
Carolina answered disclaiming liability, averring that under federal regulations relating to interstate commerce promulgated under Title 49 U.S.C., the unloading of this heavy article was not done by it but by Burley, and that the part taken by Carolina's driver in the unloading was as agent of Burley.[1] Answer was filed by Burley denying negligence and contending the duty to unload was on Carolina and that its agents who took part in the unloading became the agents of Carolina. On Burley's motion the trial court struck the damage claim for loss of use of the machine.
The cause was tried before the court without a jury. At the close of the plaintiff's case the defendants moved for directed *546 verdict, or, more properly, under Rule 1.35 (b), F.R.C.P., 30 F.S.A., for dismissal on the ground that upon the facts and the law the plaintiff had shown no right to relief. The trial court granted the motions to dismiss and entered judgment for defendants. Plaintiff then took this appeal, on which it is contended the court erred in dismissing the defendants and in striking the allegations and prayer for damages for loss of use of the machine.
The contention that the claim for loss of use should not have been stricken has merit. Grounds for the ruling were not stated in the order. If the only reason for striking this claim for special damages was because sufficient facts to support the claim were not alleged, defendants' proper remedy was a motion for more definite statement pursuant to Rule 1.11(e), F.R.C.P. Augustine v. Southern Bell Tel. & Tel. Co., Fla. 1956, 91 So.2d 320. If, however, the trial court's basis for striking the claim for damages was the rule contended for by defendants that damages for loss of use are not recoverable where total destruction of the article or machine is claimed, then in our opinion the trial judge erred. The authorities are divided on this proposition, and we find no controlling Florida case. Airtech Service, Inc. v. MacDonald Construction Co., Fla.App. 1963, 150 So.2d 465, decided by this court, and relied on to an extent by both parties, does not furnish an answer to the question. That case involved an aircraft damaged by fire, allegedly as a result of negligence of the defendant. The damage to the machine was not total, as evidenced by the fact that it was resold without repair for a sum in excess of $17,000. The court was primarily concerned in that case with the question of the measure of damages to be allowed for the injury to the aircraft. The right to special damages for loss of use was approved and was not in contest there. We reject appellee's argument that since damages for loss of use were allowable when the machine involved in the Airtech case was not totally damaged, it must follow that when the damage to a vehicle or machine is total, there can be no recovery for loss of use. Although a majority of the earlier decisions support that proposition of the appellee (see Annot., 169 A.L.R. 1074, 1093-1094), the more modern decisions reveal an increasing trend to allow recovery of special damages for loss of use, and we adopt the view expressed by the Supreme Court of California in the case of Reynolds v. Bank of America National Trust & Savings Ass'n, 53 Cal.2d 49, 345 P.2d 926, 927, 73 A.L.R.2d 716, and supported by the authorities listed there, as follows:
"* * * There appears to be no logical or practical reason why a distinction should be drawn between cases in which the property is totally destroyed and those in which it has been injured but is repairable, and we have concluded that when the owner of a negligently destroyed commercial vehicle has suffered injury by being deprived of the use of the vehicle during the period required for replacement, he is entitled, upon proper pleading and proof, to recover for loss of use in order to `compensate for all the detriment proximately caused' by the wrongful destruction."
We affirm the dismissal of the defendant carrier. Federal regulations quoted in the margin relating to interstate carriage invaded the contract. Under them the duty to unload this heavy (1,800 pound) machine was on the consignee and not on the carrier, and in aiding the employees of the consignee in the unloading the carrier's driver became the servant of Burley. Cloughley v. Orange Transp. Co., 80 Idaho 226, 327 P.2d 369, 374; Rockwell v. Grand Trunk Western R.R. Co., 264 Mich. 626, 250 N.W. 515; Rau v. Wilkes-Barre E.R.R. Co., 311 Pa. 510, 167 A. 230; 13 Am.Jur.2d Carriers § 319.
We hold, therefore, that the trial court was in error in dismissing Burley *547 from the cause. The evidence made a prima facie case that negligence of Burley in unloading the machine resulted in the damage thereto. We refrain from further comment on the evidence as the cause is being remanded for further proceedings which will include retrial or further trial of the negligence issues as to the defendant Burley.
Accordingly the judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part and remanded.
NOTES
[1] The complaint alleges, as applicable, Rule No. 160 National Motor Freight Classification Tariff A-7, reading as follows:

"Loading or Unloading Heavy or Bulky Articles
"(a) When freight in a single container or shipping form, (1) weights 500 pounds or more, or (2) if the greatest dimension exceeds 8 feet or the greatest and intermediate dimension exceeds 4 feet, loading or unloading shall be performed by the consignor or consignee.
"On request of consignor or consignee, the truck driver will assist the consignor or consignee in loading or unloading."