DURDEN, Circuit Judge.
In this case the widow of a deceased employee received a favorable award from the Deputy Commissioner and his ruling was unanimously affirmed by the Florida Industrial Commission.
The criteria and formula to be followed in determining whether or not the deceased was an employee has been established by this court in Rainbow Poultry Company v. Ritter Rental System, Inc., 140 So.2d 101.
The Deputy found that the basic and central facts compelled him to conclude that the deceased was an employee. A review by the Commission and then by this court reveals that the facts fully justified and supported this conclusion.
It is axiomatic that for every employee there must be at least one employer. It is the first contention of petitioner Alter that the Deputy erroneously found that it was an employer at all and secondly, that it was at most a joint employer with the co-respondent Ritter.
The deceased employee was a “trip-truck driver”. He was so engaged when he came to his death.
The petitioner, Alter Sales Company, was a wholesale auto parts distributor. The respondent, Ritter Rental System, Inc., was, as its name implies, engaged in the business of renting motor vehicular transportation equipment. A tractor and trailer were rented by Ritter to Alter on a straight mileage basis so that certain of Alter’s goods could be picked up at Abilene, Mississippi and transported from there to Alter’s Warehouse in Miami, Florida. The incident or accident which resulted in the employee’s death occurred in Palm Beach County, Florida on the return trip not many miles from the point of destination. ¡
The only fact that justifies an argument that Ritter was the sole or a co-employer with Alter is that the deceased left Miami with only a tractor; that on the way out he picked up a new trailer belonging to *748 Ritter in Memphis, Tennessee and that therefore he was serving the business of Ritter by returning the trailer to Ritter in Miami. When we apply the three way test specified in the Rainbow Poultry Company case, supra, it is obvious that Ritter was not an employer of the deceased.
The first test is whether or not there was a contract for hire, express or implied, between the employee and the alleged employer. On this point there is no controversy. Alter frankly admitted it was responsible for and would have paid six cents a mile to or for the deceased driver for his services. There is no evidence that Ritter was responsible for or would have paid any compensation whatsoever. Obviously the agreements between the three contemplated that Alter would pay Ritter twenty-seven cents a mile for equipment rental and a separate six cents a mile to the driver. The bookkeeper for Alter even testified that the withholding and social security deductions would have been made before delivering the check. Furthermore that this payment would have been included in the schedule.of compensation and wages paid for purposes of computing the premiums to be paid by Alter for its Workmen’s Compensation insurance. Alter sent the check to Ritter for twenty-seven cents a mile and has never made any effort to disburse the employment check to or through Ritter.
The second test is whether or not the work being done at the time of the injury was essentially that of the special employer. At the time of the incident the deceased was essentially engaged in transporting Alter’s goods and merchandise from Abilene, Mississippi to Miami, Florida. It was solely incidental that a new trailer was being brought to Ritter.
The third test specified is the power to control details of the work. That this power resided in Alter is also clear. The deceased employee called Alter from Abilene, Mississippi and was told “to come on in” to Miami. It was in this endeavor that he was engaged when he met his death.
The Court has considered the other questions presented and having found that they too are without merit the petition for certiorari is hereby denied.
It is so ordered.
THORNAL, C. J., and DREW, CALDWELL and ERVIN, TJ., concur.