RAWLS, Judge
(dissents).
In my opinion, the plaintiff was a “special employee” of the defendant and his exclusive remedy was for benefits under the Florida Workmen’s Compensation Law.
An extensive opinion of the Supreme Court in Rainbow Poultry Co. v. Ritter Rental System, Inc.[1] analyzes the numerous cases of this and other jurisdictions relating to general and special employers in Workmen’s Compensation cases. There, the Court was concerned with the rights and responsibilities of the carriers involved in those proceedings. However, the Court again enumerated the main factors to be considered in determining the liability of carriers in Workmen’s Compensation cases as:
“ * * * (1) a contract for hire, express or implied, between the employee and special employer; (2) the work being done at the time of the injury was essentially that of the special employer and (3) the power to control details of work in the special employer.”
Here, Travis was employed as a truck driver for a common carrier engaged in interstate commerce, thus Rule 160(a), National Motor Freight Classification A-7, is applicable.[2] As disclosed by the contents of the cited regulation, if the subject freight in a single container had not weighed more than 500 pounds or exceeded the dimensions set out, then it would have been plaintiff truck driver’s responsibility in the course of his employment to *793 unload the subject crate. By reason of the weight and dimensions of the subject crate, the responsibility rested upon the consignee and its employees to unload same, with the further provision that “On request * * * the truck driver will assist the consignor or consignee in loading or unloading.” And it is at this point that I apparently depart from my brethren. Reverting to the factors enumerated in Rainbow Poultry Co. v. Ritter Rental System, Inc., supra, the provisions of the subject rule were a part of the contract' for hire between the truck driver and the common carrier which resulted in a special employee-special employer relationship between the truck driver and the consignee.[3] This is so because upon request it was the duty of the truck driver within the course of his employment under the direction and control of the consignee to assist in the unloading of the crate. Therefore, each of said enumerated factors are here present, viz.: (a) by reason of the cited rule there existed a contract between the truck driver, the common carrier, and the consignee, (b) the work being' done at the time of the injury was essentially that of the consignee, and (c) the power to control details of the work was in the special employer.[4] •
Plaintiff urges that even if the special employee theory is here applicable, this record fails to reflect: 1. a request on the consignee’s part that the truck driver assist in the unloading, and 2. that even if the truck driver did participate in the unloading endeavor he had ceased any activity and, therefore, could no longer be classified as a special employee. My answer to these two specious arguments is that the record does disclose the truck driver performed his duty to assist the consignee, actively participated in the unloading operation, and was situated in the narrow confines inside the van. Under these uncon-troverted facts it is obvious that even though plaintiff might have backed away from the crate at the time of his injury, to hold that he had so ceased the duty he owed to consignee to such an extent that he was no longer a special employee would be, in my opinion, error. I, therefore,
Dissent.

. Rainbow Poultry Co. v. Ritter Rental System, Inc., 140 So.2d 101 (Fla.1962).

. Rule 160(a), National Motor Freight Classification A-7:
“LOADING OR UNLOADING HEAVY OR BULKY ARTICLES “(a) When freight in a single container or shipping form, (1) weighs 500 pounds or more, or (2) if the greatest dimension exceeds 8 feet or the greatest and intermediate dimension each exceeds 4 feet, loading or unloading shall be performed by the consignor or consignee. “On request of consignor or consignee, the truck driver will assist the consignor or consignee in loading or unloading.”

. See Wajay Bakery, Inc. v. Carolina Freight Carriers Corp., 177 So.2d 544, 546 (Fla.App.3d, 1965), wherein it was held:
“Federal regulations quoted in the margin relating to interstate carriage invaded the contract. Under them the duty to unload this heavy (1,800 pound) machine was on the consignee [Burley] and not on the carrier, and in aiding the employees of the consignee in the unloading the carrier’s driver became the servant of Burley.”

. Cf. Stuyvesant Corp. v. Waterhouse, 74 So.2d 554 (Fla.1954).