260 So.2d 509 (1972)
Easter Mae TILLMAN, Petitioner,
v.
Bobbie Jean BASKIN and Elizabeth Benton, Respondents.
No. 40765.
Supreme Court of Florida.
March 22, 1972.
*510 Russell Troutman, Sidney H. Parrish and Gary W. Udouj of Law Offices of Russell Troutman, Winter Park, for petitioner.
Rodney G. Ross of Pitts, Eubanks, Ross & Rumberger, Orlando, for respondents.
ERVIN, Justice.
We have for review on petition for writ of certiorari the decision of the District Court of Appeal, Fourth District, in Tillman v. Baskin, Fla.App. 1971, 242 So.2d 748.
At the close of the plaintiff's case in this nonjury, gross negligence action, the trial judge granted the defendants' motion for directed verdict and entered a final judgment in their favor. On appeal, the Fourth District Court affirmed. The District Court held the motion was properly granted, even though the evidence would not have supported such a motion in a jury trial. In this connection the District Court said:
"As concerns the evidence, it was adequate to withstand such motion under the criteria that obtains in jury trials,"
which indicates plaintiff's evidence made out a prima facie case.
The District Court distinguished jury and nonjury trials, saying,
"In non-jury trials, a motion for directed verdict is tantamount to a motion for involuntary dismissal under Rule 1.420(b), 30 F.S.A. [Footnote omitted.] Thus, the trial judge as trier of the fact was governed by different criteria and was entitled to weigh the evidence, resolve conflicts and pass upon the credibility of the witnesses. If in this light the court finds that plaintiff's evidence is insufficient to merit judgment, the court may enter judgment at that point for the defendant." (Emphasis supplied.)
We have jurisdiction under Article V, Section 4(2), Florida Constitution, because of the apparent conflict between this holding and the decisions of this Court and the Third District Court of Appeal in Hartnett v. Fowler, Fla. 1957, 94 So.2d 724, and Wayjay Bakery, Inc. v. Carolina Freight Carriers Corp., Fla.App. 1965, 177 So.2d 544.
Rule 1.420(b) F.R.C.P., 30 F.S.A., the involuntary dismissal rule, provides in part:
"After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that upon the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving his right to offer evidence if the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence." (Emphasis supplied.)
The District Court properly concluded that in a nonjury trial a Rule 1.420 (b) F.R.C.P. motion for involuntary dismissal is the proper method by which a defendant may obtain a verdict in his favor *511 following the presentation of the plaintiff's case. Rule 1.480 F.R.C.P., motions for directed verdicts, accomplish the same goal in jury trials.
The issue before this Court is whether the lower appellate court also properly concluded that under the involuntary dismissal rule the trial judge in a nonjury case may weigh the evidence and rule in the defendant's favor before the defendant presents his evidence even though the plaintiff has established a prima facie case.
An affirmative answer to this question would create an important difference between involuntary dismissals and their jury-trial counterparts, directed verdicts. It is clear that a judge in ruling on a latter motion may not weigh the evidence.
The question posed by this case has been considered by courts in other jurisdictions with rules of civil procedure similar to ours. Since it was amended in 1946, Federal Rule of Civil Procedure 41(b), which is virtually identical to Florida's Rule 1.420 (b), has been interpreted by federal courts as permitting a trial judge to "weigh the evidence, consider the law, and find for the defendant at the close of the plaintiff's case." 5 J. Moore, Moore's Federal Practice 1158 (2d ed. 1971). In the past, several of this state's district courts of appeal have followed this holding. Gibson v. Gibson, Fla.App. 1965, 180 So.2d 388; Tampa Wholesale Co. v. Foodtown, U.S.A., Inc., Fla.App. 1964, 166 So.2d 711. This was the rule relied upon by the District Court in this case. Tillman v. Baskin, supra. Only the Third District Court of Appeal has indicated it does not intend to follow the federal answer to this question. Wayjay Bakery, Inc. v. Carolina Freight Carriers Corp., supra.
Federal courts apparently feel justified in permitting their trial judges to weigh evidence following the presentation of a plaintiff's prima facie case, because such a holding enables judges "to expedite the trial of cases," and "dispose of cases at the earliest opportunity." Bach v. Friden Calculating Mach. Co., 6th Cir.1945, 148 F.2d 407, 410. Their interpretation of the rule regarding involuntary dismissals, however, has not been universally accepted. Professor Roscoe Steffen of the University of Chicago Law School has called it "a misbegotten offspring of an unseemly desire for speed and hurry [which] has no place in our system of justice." 27 U. Chicago L.Rev. 94, 125 (1959). The Supreme Court of Alaska also has rejected the federal interpretation, stating:
"Where plaintiff's proof has failed in some aspect the motion should, of course, be granted. Where plaintiff's proof is overwhelming, application of the rule is made easy and the motion should be denied. But where plaintiff has presented a prima facie case based on unimpeached evidence we are of the opinion that the trial judge should not grant the motion even though he is the trier of the facts and may not himself feel at that point in the trial that the plaintiff has sustained his burden of proof. We believe that in the latter situation the trial judge should follow the alternative offered by the rule wherein it is provided that he `* * * may decline to render any judgment until the close of all the evidence', and deny the motion. If, after denial of the motion, the defendant declines to present any evidence, the judge must, of course, then exercise his own judgment in applying the law to the facts presented and rule on the motion and decide the case." Rogge v. Weaver, Alaska 1962, 368 P.2d 810, 813. Accord, Arbenz v. Bebout, Wyo. 1968, 444 P.2d 317.
We agree. There is nothing in Rule 1.420(b) making mandatory a weighing of the facts before the end of all the testimony. Fairness and justice demand that this not be done where the plaintiff has presented a prima facie case in his favor. We prefer the rule enunciated by the Supreme Court of Alaska to that followed by the federal courts. It is inconceivable that a trial judge can fairly find for a *512 defendant after hearing nothing more than testimony from a plaintiff establishing a prima facie case in that plaintiff's favor. When a prima facie case is made by plaintiff, fairness would appear to require that the trial judge weigh it in the light of the strength or weakness of the defendant's defense evidence, if any, as in the case of a jury trial. We hold that a trial judge cannot weigh evidence when ruling on a defendant's Rule 1.420(b) F.R.C.P. motion for involuntary dismissal following the presentation of a prima facie case by a plaintiff.
The decision of the District Court of Appeal, Fourth District, is quashed and the cause is remanded to the trial court for new trial.
It is so ordered.
CARLTON, ADKINS and DEKLE, JJ., concur.
ROBERTS, C.J., concurs in judgment only.
BOYD, J., and RAWLS, District Court Judge, dissent.