328 So.2d 549 (1976)
David S. ALCOTT and A.J. Richter & Company, a Florida Corporation, Appellants,
v.
WAGNER & BECKER, INC., a Florida Corporation, et al., Appellees.
No. 74-1166.
District Court of Appeal of Florida, Fourth District.
March 12, 1976.
*550 Charles A. Goff, of Law Offices of Carl W. Turner, Fort Lauderdale, for appellants.
Peter A. Portley and William F. Sullivan, of Zimmerman, Haywood & Portley, Pompano Beach, for appellees.
OWEN, Judge.
Appellants, real estate broker and salesman, brought this suit to recover a commission from the sellers of certain business property. Upon nonjury trial, plaintiffs/appellants suffered an involuntary dismissal at the close of their case, precipitating this appeal.
Count III of the plaintiffs' second amended complaint alleged a breach of an exclusive listing agreement executed by the parties. The plaintiffs' evidence in support of this count, when viewing all reasonable inferences therefrom most favorably to the plaintiffs, established the following: (1) plaintiffs were to be compensated in a fixed amount if they secured a purchaser for defendants' business property; (2) plaintiffs' advertisement of the property brought an inquiry from one Joseph Gubman; (3) Gubman, upon learning that the property belonged to the defendants with whom he was personally acquainted, thereafter contacted and dealt directly with them; (4) at all times Gubman was acting as the agent of the ultimate purchaser, one Navel, Inc.; and (5) the sale was consummated as a result of continuous negotiations between Gubman and defendants, from which negotiations the plaintiffs were purposely excluded.
*551 This made out a prima facie case for as we said in First Realty Corporation of Boca Raton v. Standard Steel Treating Company, 268 So.2d 410, at 413 (Fla.App. 4th 1972):
"When the broker has brought the prospective parties together, they cannot complain that the broker did not participate in negotiations when they have purposely excluded the broker from these negotiations by dealing with one another directly and in secret. National Airlines, Inc. v. Oscar E. Dooly Associates, Inc., Fla.App. 1964, 160 So.2d 53; Moylan v. Estes, Fla.App. 1958, 102 So.2d 855; Mead Corporation v. Mason, Fla.App. 1966, 191 So.2d 592."
It may well be that had the same evidence been presented to the trial judge as the trier of fact, he might have, in weighing the evidence, found for the defendants. However, it is not the privilege of the trial court to weigh the evidence when ruling on a defendant's motion for involuntary dismissal at the close of the plaintiff's case. Tillman v. Baskin, 260 So.2d 509, 55 A.L.R.3d 267 (Fla. 1972).
The judgment is reversed and this cause remanded for a new trial.
REVERSED and REMANDED.
WALDEN, C.J., concurs.
KAPNER, LEWIS, Associate Judge, concurs in part, dissents in part, with opinion.
KAPNER, LEWIS, Associate Judge (concurring in part, dissenting in part):
Although I agree that the law in Florida precludes a judge in a nonjury trial from granting a motion for a directed verdict if the plaintiff makes out a prima facie case and I, therefore, concur that this case should be reversed, I respectfully dissent from that portion of the majority opinion remanding the case for an entire new trial. I believe that the remedy should be to remand this case to the trial judge for further proceedings not inconsistent with this order.
Whether a judge sitting in a non-jury case can weigh the evidence upon a defendant's motion for directed verdict made after plaintiff's case is a matter of diverse opinion throughout the nation, but the matter has been recently laid to rest in the case of Tillman v. Baskin (Sup.Ct., 1972) 260 So.2d 509, which held that a trial judge may not do this. Numerous cases decided subsequent to Tillman have confirmed this view. See cases cited in Sheperds' Florida Citations, December, 1975, page 132.
Although this view is therefore now well-established in Florida, it is not uncommon for attorneys in such cases to move for a directed verdict at the close of the plaintiff's case, assuming that the trial judge will determine not only that a prima facie case has not been made, but will also weigh the evidence. It is also not uncommon for judges to make this same error.
In the case sub judice, while the attorneys directed their arguments to whether a prima facie case was made out, it is not clear whether the attorneys and the judge were perfectly clear on the rule established in the Tillman case. At the close of the plaintiff's case, the attorneys argued both the law and the facts, but no where did the plaintiff's attorney inform the court that he needed only to prove a prima facie case to justify a denial of defendant's motion, nor did he inform the judge that it is incumbent upon him (the judge) to view all reasonable inferences in favor of the plaintiff. He simply argued that under the evidence presented, the judge should deny the defendant's motion for directed verdict. (T 73-77). In fact, even in plaintiff's petition for rehearing (R-33), the only procedural objection raised by the plaintiff was that he was not given the opportunity to rebut defendant's evidence which was offered out of turn.
*552 With respect to the evidence itself, plaintiff used such terms as: "Judgment is not supported by the evidence or the greater weight of the evidence," "a. It was fully proven and undisputed ...", etc. (Emphasis added.) (R-33). It was not until his assignments of error did he even suggest that the judge's error was in weighing the evidence, and, then, only very generally: "... and further was contrary to the law of Florida." (R-37).
The technical issue then upon which we now reverse this case is brought up for the first time before this court rather than the trial court.
It is not surprising that there is some confusion regarding the applicability of this rule. The rule itself contains language to support the proposition that the judge may weigh the evidence after the plaintiff's case:
Rule 1.420(b): "... after a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief ..." (Emphasis added.)
The editorial note following this rule cites "New Florida Common-Law Rules," John T. Wiggenton, 3 University of Florida Law Review 1, 8 (1950), as follows:
"The test for reviewing the propriety of an order granting an involuntary dismissal at the conclusion of the case of the party seeking affirmative relief differs in a non-jury trial from the test for determining the correctness of a trial court's order granting a motion for directed verdict at the close of the case of a party seeking affirmative relief. Where appellate review is sought of an order granting a motion for a directed verdict, the proper test of correctness of the order is
`... when the evidence, when considered in its entirety, and the reasonable inferences which may be drawn therefrom, fail to prove the plaintiff's case under the issues made by the pleadings ...'".
Florida Statutes Annotated, Vol. 30, 31, 32, 33, at page 307.
Florida Statutes Annotated, supra, under section 1, cites several cases supporting Wiggenton's view: Tampa Wholesale Co. v. Foodtown, U.S.A., Inc., (Fla.App.2nd 1966) 166 So.2d 711; Lorber v. Aetna Life Insurance Co. (Fla.App.3rd 1968) 207 So.2d 305; and several others. The annotation does not cite Tillman, supra, until section 6, and this section also cites cases contrary to this view, all of which were decided prior to the Tillman case, but which could easily be misleading to attorneys unless they actually read the Tillman case. Although several cases have been decided subsequent to the Tillman case supporting this view, none of these latter cases are contained in the annotation.
In other words, until 1972, the rule apparently was that the judge could weigh the evidence after the plaintiff's case in ruling on a motion for a directed verdict under rule 1.420(b). As previously stated, in this case plaintiff presented his evidence which we have determined to have established a prima facie case. At the close of his case, defendant moved for a directed verdict, the attorneys argued the facts and the law, and the judge granted the motion. The judge erred, and the issue now is the remedy.
In the case sub judice, while we do not know what was inside the judge's mind when he made this ruling, at least three possibilities arise: 1. He may have believed the plaintiff's evidence but was in error as to its legal sufficiency; 2. With respect to defendant's evidence offered out of turn, the court may or may not have given it any weight; or if he did give it weight, he may have felt that plaintiff had *553 ample opportunity to rebut said evidence in his case in chief if he so desired; 3. He may have been fully aware of the applicable law, aware that plaintiff presented a prima facie case, but did not believe the plaintiff's evidence and, therefore, did not believe plaintiff made out a sufficient case. In any event, I see no reason to require a completely new trial.
If the first situation occurred, this case should be remanded to the trial judge so that the defendant may have an opportunity to present his evidence. With respect to the second situation, the case should be remanded to the trial judge to give the plaintiff an opportunity to present rebuttal testimony, if the judge in fact gave weight to the defendant's evidence.[*] If the third situation occurred, the case should be remanded to the trial judge with instructions to proceed with the case in a manner consistent with our ruling. If he simply found plaintiff's evidence insufficient as a matter of fact, I can see no earthly reason why the judge should be prohibited from announcing his conclusion, permitting the defendant to rest, and finding in favor of defendant so that the case could be concluded without further burden to the court, attorneys, parties, witnesses, etc. A plaintiff simply has no right to require a defendant to assist him in proving his claim which he (the plaintiff) has failed to do in his own case in chief.
It goes without saying that every man is entitled to his day in court, but he is not entitled to two days in court, unless the error at the trial level is such that a new trial is the only or best remedy. In the words of Justice Thomas, Lake v. Lake (Sup.Ct., 1958) 103 So.2d 639, 642:
"The quality of justice may not be gauged by treatment accorded one litigant without regard to his adversary. Justice should be done, but not overdone." (Emphasis added.)
This is a matter of the greatest concern because with the greatest respect to my brethren, decisions such as this contribute substantially to congestion in the courts and a feeling of unfairness in litigants who find themselves embroiled in lawsuits. The trial judge perhaps made a simple technical error in granting defendant's dismissal, which now calls for reversal, but, if the trial judge would have required the defendant to present his evidence and the trial judge then made the same ruling, we would now affirm. The question then occurs to the ordinary non-legal, non-technical observer: Why is the plaintiff appealing since the judge probably would rule against the plaintiff anyway? The answer is simple: With the granting of a new trial, the plaintiff now has an additional opportunity to go out and re-prepare his case and present evidence not presented originally: Thus, he is given an additional and unwarranted day in court at the expense of the defendant. Or, he may now move for trial by jury which probably would be granted, rather than trial before the court: Again a second day in court at the defendant's expense.
This unnecessary burden on an overcrowded court system, this needless encouragement to attorneys to appeal for technical rather than substantial grounds, and this unfairness to this defendant, who in all probability would have won his case if the defendant used the magic phrase, "I rest my case and ask that the defendant be found not guilty" rather than the phrase, "I ask for a directed verdict," will be avoided by a policy either of affirming such cases on the grounds that the trial judge is *554 presumed to have ruled properly or, at most of remanding these cases for further consideration in light of the appellate court's ruling rather than requiring an entire new trial.
These considerations are especially appropriate in this case. It appears that the first time the complaint about the judge's action in dismissing the case rather than requiring the defendant to present his case is made here at the appellate level. Lawyers should be encouraged to bring matters such as this to the attention of the trial court prior to bringing them up at the appellate level for the first time. If they do this, the trial judge will have an opportunity to correct such technical defects, thus saving time and trouble for everyone concerned. Laxity by this court in this regard is bound to stimulate endless appeals upon minor technical grounds with which this court should not be burdened.
I concur in the court's decision to reverse the case, but I would remand for further proceedings not inconsistent with this order. To be specific, the case should be referred back to the same trial judge. If his decision was the result of a mistake of a legal evaluation of plaintiff's evidence, he should permit defendant to present his case. If, further, he considered defendant's evidence in evaluating the case, he should give plaintiff an opportunity to rebut that evidence, unless he concluded that plaintiff had ample opportunity to present rebuttal of that evidence prior to his (plaintiff's) closing. If, on the other hand, the judge was aware of the applicable law but was unconvinced by plaintiff's evidence he should be permitted to announce his conclusion, perhaps even permitting plaintiff to produce additional evidence, if in the judge's discretion justice so requires, and render his verdict accordingly. Therefore, I would reverse and remand for proceedings not inconsistent with this ruling.
NOTES
[*] Since this matter was raised in the plaintiff's petition for rehearing and the judge denied this petition, it is a fair assumption that the judge gave no weight to that testimony or that the judge felt the plaintiff had ample opportunity to present rebuttal evidence in his case in chief. In any event, either the trial judge should be presumed to have acted correctly or he, and not this court should make that factual determination.