DOWNEY, Judge
(concurring specially).
I agree with the majority opinion that appellants made a prima facie case by their sworn complaint and the evidence adduced in support of their motion for appointment of a receiver, thus requiring reversal of the order appealed from. The appellees had assigned the leases and rents received from the property to the appellants and specifically gave appellants the right to collect those rents when appellants determined “in [their] sole discretion” that appellees were guilty of some act or omission which constituted a default. The mortgage in question also provided for the appointment of a receiver in any action to enforce payment of the mortgage and note. At the very least these contractual provisions placed the burden of proof upon the appellants-mortgagors to show that a receiver should not be appointed. Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241. However, although appellants proved a pri-ma facie case on their motion for appointment of a receiver, appellees adduced no testimony, filed no pleadings and their cross examination of appellant’s witness was insufficient to destroy the necessity of their going forward with the proof. However, I do not believe that the case of Tillman v. Baskin, 260 So.2d 509 (Fla.1972), is applicable here. We are not dealing with an involuntary dismissal but rather with the simple denial of a motion for appointment of a receiver. Thus Fla.R.Civ.P. 1.420(b), and the Baskin case are in my judgment inappo-site.