PER CURIAM.
The appellant husband appeals an order on report of general master which granted a motion for involuntary dismissal of the former husband’s petition to set aside a separation agreement.[1] The former husband also appeals an income deduction order related thereto. We reverse.
The former husband moved to set aside a postnuptial settlement agreement which was heard by a general master. At the conclusion of the husband’s case, the master granted the wife’s motion for involuntary dismissal. In so doing, it appears that the master proceeded under a misapprehension of law, by combining the two separate grounds set forth in Casto v. Casto, 508 So.2d 330, 333 (Fla.1987), into a single test for relief. Casto establishes two alternative theories of recovery, either of which is sufficient for relief.
The master in the present case acknowledged that the agreement is unreasonable, and we entirely agree. The husband is obligated to pay $300 per week in child support, leaving him net pay of $80 per week to live on.[2] It is undisputed that the husband was undergoing psychiatric treatment for depression during the time of the marital breakup, and it is also uncon-troverted that the wife handled all of the finances for the household. Under Casto, the determination that the provision is unreasonable made out a prima facie case under Casto and shifted the burden to the wife. It was therefore error to grant an involuntary dismissal. Tillman v. Baskin, 260 So.2d 509 (Fla.1972); Wayjay Bakery, Inc. v. Carolina Freight Carriers Corp., 177 So.2d 544 (Fla. 3d DCA 1965).
*1355 The master granted the involuntary dismissal on the theory that the husband had not established a prima facie case of unconscionability or overreaching. If that were so, that would eliminate only one of the two grounds for recovery authorized by Casto. In any event, we conclude that the husband made out a prima facie case of unconscionability and overreaching. Under that alternative prong of Casto, the motion for involuntary dismissal likewise should have been denied.
Following the denial of the husband’s petition for relief, the trial court entered an income deduction order pursuant to the agreement.[3] That order must likewise be reversed, but without prejudice to the wife to apply for a reasonable interim deduction order.
We therefore reverse the order approving the master’s report and remand for a new evidentiary hearing before the master. The income deduction order is reversed and the cause remanded for further proceedings consistent herewith.[4]

. The wife raises, for the first time on appeal, the objection that the petition should have been in the form of a motion under Rule 1.540. First, if pertinent at all, that objection should have been made below, and is waived. Second, even if it had been made, the husband would have been entitled to have his motion treated as a timely motion made under that rule. The wife has not been misled about the theory of the husband’s case.

. In addition, the agreement obligated the husband to transfer the car to the wife; to pay 50 percent of certain additional bills; to provide the household goods to the wife; to pay for half of any health care not covered by insurance; to pay half of the cost of activities for the children; to provide life insurance for the children; to make the children beneficiaries of his own life insurance; and to make the children the beneficiaries of any inheritance he might receive.

. The income deduction order contained the mandatory language limiting the deduction to the amounts allowed under section 303(b) of the federal Consumer Credit Protection Act, 15 U.S.C. § 1673(b). Under the federal Act, the amount which could legally be deducted was lower than the amount of child support provided in the agreement.

. Our ruling is also without prejudice to any rights the parties may have to move for modification. It appears that within several months one of the children will reach the age of adulthood. Since the agreement is silent on that eventuality, it appears that modification will soon be needed.