578 So.2d 482 (1991)
Billy W. SPROLES, et al., Appellants,
v.
AMERICAN STATES INSURANCE COMPANY, Etc., Appellee.
No. 89-2596.
District Court of Appeal of Florida, Fifth District.
April 25, 1991.
*483 Dennis J. Hightower of Hightower & Doane, Orlando, for appellants.
Lamar G. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellee.
COWART, Judge.
This case involves the definition of a "public road" within the meaning of that term in an insurance policy. A minor, Ted Sproles, was injured when the three-wheel all-terrain vehicle he was operating collided with an uninsured dirt bike on privately-owned lands upon which trespassers and others operating vehicles had made trails or dirt roads. The minor's father, Billy W. Sproles, had uninsured motorist coverage with appellee American States Insurance Company and the minor's mother, Patsy Sproles, had uninsured motorist coverage with State Farm Mutual Insurance Company. Both parents ultimately filed actions against their insurers and the two actions were combined for trial. The applicable insurance policies provided uninsured motorist benefits to insureds injured by uninsured vehicles which were primarily designed for, and used, off road only when the injuries and losses occurred from the use of such vehicles on a "public road." The policies did not define "public road."
The primary issue at trial was whether or not the collision and injuries occurred on a public road. A secondary issue arose when the mother's insurer settled during trial and counsel for the remaining parties could not agree on how that fact was to be made known to the jury trying the issue in the remaining case. Finally the trial judge informed the jury that the court had discharged the defendant, State Farm Mutual Insurance Company, as a party. The parties presented evidence from the owner of the land who testified that trespassers repeatedly knocked down all "No Trespassing" signs and that he was aware that the property was continually used by persons without permission and that he had informed the police that he would prosecute if the police could catch the trespassers. Other witnesses testified how long and how often they had seen automobiles, dirt bikes and other vehicles on the property. The Sproles, as plaintiffs and insureds, requested the court instruct the jury that if members of the public actually used the property for a road, whether or not they had a right to do so, the jury could consider it to be a public road. The Sproles, as plaintiffs and insureds, also requested the court instruct the jury as to numerous rules of law relating to the construction of ambiguities in contracts, especially insurance policies. The court declined to give those instructions and, in effect, instructed the jury that the public had to have the right to use a road for it to be considered a public road with appropriate instructions relating to how a public road arose from dedication or the accrual by the public of prescriptive rights. By special verdict the jury found that the place where the accident occurred was not a public road. The Sproles, as plaintiffs and insureds, appeal, presenting three issues.
We affirm the trial court in its interpretation that a "public road" means a road which has been established by an offer of dedication by a private land owner and accepted by an appropriate public body or one in which the public has acquired the right to use the land as a roadway for the length of time and under the circumstances as provided in law relating to the acquisition of prescriptive rights and does not include privately owned lands which have been merely used by individuals under circumstances where prescriptive rights in favor of the public have not been perfected.[1]
We hold that in informing the jury that the court had discharged the defendant *484 State Farm Mutual Insurance Company as a party, the trial court did not violate section 768.041(3), Florida Statutes, which, in effect, provides that the fact that one tortfeasor has been given a release or covenant not to sue shall not be made known to the jury.
We hold that the trial court did not abuse its discretion in sustaining the insurer's objection to photographs offered by the Sproles-plaintiffs-insureds which depicted the wrecked three-wheel vehicle, dirt bike, injured persons and rescue efforts more than they depicted the area where the collision occurred.
We uphold the trial court's refusal to instruct the jury as to the law relating to the construction of insurance policies. The determination of whether or not a contract provision is ambiguous and if so, the resolution of that ambiguity and application of legal principles is a matter of law for the judge and not a matter of fact for the jury.
It was for the trial court to define the term "public road" as a matter of law and then it was a question of fact for the jury to determine whether the location of the collision and injuries was a public road within the definition given by the court.
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] See, e.g., Supal v. Miller, 455 So.2d 593 (Fla. 5th DCA 1984); Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983).