629 So.2d 978 (1993)
BARCLAYS AMERICAN MORTGAGE CORPORATION, Appellant,
v.
BANK OF CENTRAL FLORIDA, Appellee.
No. 93-316.
District Court of Appeal of Florida, Fifth District.
December 23, 1993.
James S. Grodin, John R. Hamilton and Edward P. Jordan, II, of Foley & Lardner, Orlando, for appellant.
C. Ken Bishop, P.A., and Richard N. Milian of Broad & Cassel, Orlando, for appellee.
DAUKSCH, Judge.
Appellant, Barclays American Mortgage Corporation, appeals the trial court's involuntary dismissal of its case. Appellant contends that it established a prima facie case requiring the trial court to deny the motion of appellee, Bank of Central Florida, for an involuntary dismissal. We agree.
In 1988 appellant agreed to loan money to Sweetwater West by Mel LaVergne, Inc. for the purpose of developing a single family subdivision in Northwest Orange County. The two-year loan was collateralized by two letters of credit totalling $1,100,000. One of the letters of credit issued by appellee for $500,000 on June 5, 1989 is the subject of this appeal.
The record shows that Mr. LaVergne, an officer of Sweetwater West, sent a brochure containing the format and language required for the letter of credit to appellee. The brochure set forth a term of one year with extension(s) for the letter of credit. LaVergne also sent a letter to appellee's President, Mr. Rogers, stating that appellee must be prepared to leave the letter of credit in place for the two-year period of the loan. LaVergne's business partner, Mr. Huskey, also contacted Rogers to discuss the letter of credit. Rogers testified at trial that they discussed issuing a letter of credit for one year with an ability to extend it for a second year, believing that after the first year it would be for a smaller amount.
Rogers presented the letter of credit request to the bank loan committee. He explained to the committee that appellant had requested a $500,000 letter of credit for a term of one year with an option to extend for a second year. However, the loan submission sheet showed the Huskey Company requesting a $500,000 letter of credit to be issued in favor of appellant for a period of two years. The loan committee approved the letter of credit for two years.
The letter of credit was issued on June 5, 1989 and stated in pertinent part:
Term: Minimum of one year with one year extension.
Other language: We hereby agree with you that draft(s) drawn under and in *979 compliance with the terms and conditions of this credit shall be duly honored if presented, together with document(s) as specified and the original of this credit, at this office on or before May 31, 1991.
The transaction was entered into a letter of credit log with an issuing date of June 1, 1989 and an expiration date of June 1, 1990.
On February 21, 1991, appellant demanded payment of the letter of credit. The demand was rejected because it was made after the letter of credit had expired. Appellant sent additional demands for payment and each was refused as untimely. Appellant filed a lawsuit because of appellee's refusal to pay the letter of credit. A non-jury trial was held in which the trial court determined that the letter of credit was for one year with a one-year extension. After appellant presented its case, the court granted appellee's motion for involuntary dismissal. Appellant appealed.
We reverse. A trial judge's function, when the defendant raises a motion for involuntary dismissal at the close of the plaintiff's case in a non-jury trial, is to determine whether the evidence, when viewed in a light most favorable to the plaintiff, establishes a prima facie case for relief. Tillman v. Baskin, 260 So.2d 509, 511 (Fla. 1972); Saporito v. Madras, 576 So.2d 1342, 1345 (Fla. 5th DCA 1991). The issue in dispute is whether appellant presented a prima facie case that its demand for payment of the letter of credit was timely.
Under consideration is whether the trial court's interpretation of the letter of credit was proper or whether the letter of credit contains a factual issue that should not have been interpreted by the court on a motion for involuntary dismissal. Saporito, 576 So.2d at 1345; Tillman, 260 So.2d at 511. This court has held that "the determination of whether or not a contract provision is ambiguous and if so, the resolution of that ambiguity and application of legal principles is a matter of law for the judge and not a matter of fact for the jury." Sproles v. American States Insurance Company, 578 So.2d 482, 484 (Fla. 5th DCA 1991). In accordance with Sproles, the trial court may interpret the letter of credit. However, Florida courts have consistently held that when a contract contains an ambiguity or is subject to more than one interpretation, its interpretation becomes a question of fact for the jury or the fact-finder rather than a question of law for the judge. Grand Bay Hotel v. Guerra, 605 So.2d 134, 137 (Fla. 1st DCA 1992); State Farm Fire and Cas. Co. v. De Londono, 511 So.2d 604, 605 (Fla. 3d DCA 1987); Neumann v. Brigman 475 So.2d 1247, 1249 (Fla. 2d DCA 1985); Critchlow v. Williamson 450 So.2d 1153, 1156 (Fla. 4th DCA 1984). The trial court has the authority to interpret a contract that is not ambiguous. See also Manzo v. Patch Pub. Co., Inc., 403 So.2d 469, 470 (Fla. 5th DCA 1981).
The letter of credit in this case contains two potentially different expiration dates creating a patent ambiguity. The interpretation of the letter of credit is therefore a question of fact. Because resolution of the ambiguity is a factual issue, the trial court must weigh the evidence presented which cannot be done on a motion for an involuntary dismissal. Saporito, 576 So.2d at 1345; Tillman, 260 So.2d at 511.
REVERSED and REMANDED for trial.
COBB, J., concurs.
HARRIS, C.J., concurs and concurs specially with opinion.
HARRIS, Chief Judge, concurring specially:
I concur.
The minutes of the loan committee of Bank of Central Florida reflect that Sweetwater West by Mel LaVergne:
[I]s requesting a $500,000 Letter of Credit to be issued in favor of Barclays American Mortgage Corporation, for a period of two years.
The loan committee approved the letter of credit for two years.
It is true that the letter of credit submitted to Barclays indicated a "minimum of one year with a one-year extension." There is, however, no loan committee requirement for *980 a credit review, minimum balance or additional extension fees in order to achieve the one-year extension.
Barclays insisted on a two-year commitment and the bank, in its official action, agreed. Because the letter of credit (although worded contrary to the specific approval of its loan committee) can reasonably be construed to mean that minimum term of the letter of credit would automatically extend if the project continued beyond the original year, an ambiguity is present.
It is submitted that this issue at least deserves a factual determination.