PER CURIAM.
Appellants seek review of judgments and other orders entered in what is essentially a will contest. Appellant Brockman (Brockman) argues that the trial court committed reversible error by (1) ruling that statements allegedly made by the decedent to him were inadmissible because of the Deadman’s Statute; (2) granting ap-pellee’s motion for an involuntary dismissal made at the conclusion of his case-in-chief; (3) granting appellee’s petition for reimbursement of expenses incurred in repairing and maintaining the homestead; (4) awarding attorneys’ fees to appellee based upon a finding that there was a complete absence of a justiciable issue of fact presented by the action; and (5) assessing costs against him. Appellant Day (Brock-man’s attorney) joins the argument regarding the award of attorneys’ fees.
*417 The trial court granted appellee’s motion for an involuntary dismissal made at the close of Brockman’s case-in-chief. This was error because Brockman presented sufficient evidence to establish a prima facie case of undue influence on the part of appellee. Therefore, the trial court’s ruling must have been based upon consideration of the weight of the evidence presented. However, in a nonjury case, a trial court may not weigh the credibility of the evidence when ruling on a motion for an involuntary dismissal made at the close of the plaintiffs case-in-chief. Tillman v. Baskin, 260 So.2d 509 (Fla.1972). Accordingly, we are constrained to reverse the final judgment and remand for a new trial. Because the final judgment must be reversed, we must also reverse the order awarding reimbursement of expenses and the judgments awarding attorneys’ fees and costs. For the benefit of the trial court and the parties on remand, we note that the rulings regarding the Deadman’s Statute (§ 90.602, Fla.Stat.(1997)) appear to have been consistent with our prior decisions in In re Estate of Corbin, 645 So.2d 89 (Fla. 1st DCA 1994), and In re Estate of Bell, 573 So.2d 57 (Fla. 1st DCA 1990).
REVERSED and REMANDED, with directions.
ALLEN, C.J., WOLF and WEBSTER, JJ., concur.