Ernest Solberg *v.* Aetna Life Insurance Company

King, C. J., Murphy, Alcorn, Comley and House, Js.

Argued May 6—decided May 20, 1964

*Walter M. Pickett, Jr.,* for the appellant (defendant).

*Vincent A. Miller,* for the appellee (plaintiff).

King, C. J. The defendant, Aetna Life Insurance Company, discontinued the payment of monthly benefits which the plaintiff claimed were due him under an "Income Protection Accident Policy."

The insurance contract protected the plaintiff

from loss resulting from accidental bodily injuries. It provided: "Total Disability . . . : If such injuries shall . . . disable and prevent the Insured from performing every duty pertaining to his occupation, the Company will pay monthly indemnity at the rate specified . . . for the period of such . . . total disability, but for not exceeding twenty-four consecutive months. After the payment of monthly indemnity for twenty-four months . . . the Company will continue the payment of monthly indemnity . . . so long as the Insured shall be . . . disabled by such injuries from engaging in any gainful occupation or employment . . . ." In this case we are concerned only with the portion of the above-quoted provision embraced in the first sentence. That portion is commonly known as an occupational disability clause. 29A Am. Jur., Insurance, § 1516.

"Total disability" under such a clause "does not mean, as its literal construction would require, a state of absolute helplessness, but contemplates rather such a disability at least, . . . as renders the insured unable to perform all the substantial and material acts necessary to the prosecution of his business or occupation in a customary and usual manner. The fact that the insured is able to perform some inconsequential, trivial, or incidental duties connected with his usual employment or occupation does not preclude recovery under such a total disability provision, regardless of its particular phrasing." 29A Am. Jur., Insurance, §§ 1517, 1518. This statement of the rule is in accord with the weight of authority and with the better reasoned cases. *Morgan* v. *Aetna Life Ins. Co.*, 157 F.2d 527, 529 (7th Cir.); *Heald* v. *Aetna Life Ins. Co.*, 340 Mo. 1143, 1149, 104 S.W.2d 379; notes, 24 A.L.R. 203, 98 A.L.R. 788, 789; see notes, 149

A.L.R. 7, 22, 26, 153 A.L.R. 430, 432; 1 Appleman, Insurance Law and Practice §§ 671, 672; 7 Couch, Insurance Law § 1670.

The major portion of the plaintiff's duties involved the operation of a jig-boring machine and the reading of blueprints. Five to ten percent of his duties were concerned with the checking of billing and receipted bills. There is no finding that the plaintiff was disabled from checking billings and receipted bills or from reading blueprints. Blueprint reading, however, was involved in the plaintiff's occupation only as a duty incidental to the operation of the jig-boring machine. The checking on billing and the checking on receipted bills were found by the court, in the form of a conclusion of fact, to be trivial duties. The court further concluded that owing to the plaintiff's inability to operate the jig-boring machine he was disabled from doing all the substantial and material acts of his occupation. These conclusions were fully supported by the subordinate facts. Under the applicable rule as stated above, the court did not err in deciding that the plaintiff was entitled to payment under the provisions of the policy.

The other claims of the defendant do not require discussion.

There is no error.

In this opinion the other judges concurred.