[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Plaintiff surgeon seeks disability insurance benefits under a policy with defendant.
The parties appear to be in agreement that plaintiff's disputed entitlement to certain "Lifetime Benefits" hinges upon whether there has been a "total disability" which the policy deems to occur "when [insured] is unable to perform the principal duties of his occupation." (Section 1.2). The parties are also in apparent agreement as to the time period which is the proper focus for determination of the doctor's status.
Defendant has rather exhaustively catalogued many, if not all of the plaintiffs' professional activities and surgery during the germane length of time. Some seem to aptly fit the insurer's characterization of them as major. No such catalog is proffered or deemed necessary by defendant as to plaintiffs' prior career time of good health.
This court felt it appropriate to determine whether the post disability activities need be measured against those of an earlier better time in order to learn what the "principal duties" were. This definitional challenge obviously requires comparison with pre-injury conduct. Surely, the "principal duties" of ones occupation cannot be gleaned alone from the period after alleged disablement. See, e.g., Solberg v. Aetna Life Insurance, Co.,151 Conn. 637 (1964). CT Page 6789
Once this need for relative comparison of prior and subsequent periods is present it becomes doubtless that a material fact, large and wide ranging, with possible subheadings about time and money, exists all over the landscape of this case.
Summary judgment must be denied.
THE COURT,
--------------------- Nadeau, Judge