**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 10, 2004**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 03-20524

———————

RICHARD I. GUIDRY

Plaintiff - Appellant,

versus

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

Defendant - Appellee.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-01-CV-3195

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Richard Guidry ("Guidry") appeals the district court's grant of summary judgment to

Northwestern Mutual Life Insurance Company ("Mutual Life") ruling that Guidry was not disabled

and thus not entitled to benefits under his insurance policy with Mutual Life.[1] The district court

found that Guidry is neither "totally disabled" nor "partially disabled" under the policy. Guidry

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Guidry submitted a claim on this policy in July 1998. Mutual Life paid him 50% partial
disability benefits from September 1998 until December of that year when it determined he was not
disabled under the policy.

appeals only the lower court's ruling as to whether he is totally disabled.

We review a grant of summary judgment *de novo* and apply the same standard used by the trial court. *Stults v. Conoco, Inc.,* 76 F.3d 651, 654 (5th Cir. 1996). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We resolve factual issues in favor of the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). This is a contract dispute, and the parties stipulated to the application of Louisiana law. In Louisiana, "the rights of the beneficiary of an insurance policy depend, first and foremost on the terms of the policy." *Gonzales v. Prudential Ins. Co.,* 901 F.2d 446, 454 (5th Cir. 1990). "Supplementing the rights guaranteed to the beneficiary by the insurance contract are others that are established by the provisions of the Louisiana Insurance Code and jurisprudential rules that have sprung from it." *Id.*

The policy defines "total disability" to mean the insured is "unable to perform the principal duties of his occupation," and after sixty months of paid benefits, to mean "unable to perform the principal duties of his occupation and not being gainfully employed in any occupation." Concerned that insurance policies were employing too restrictive a definition of "total disability," Louisiana courts have refused to enforce definitions that require the claimant to be totally helpless, or unable to perform every duty of his occupation. *See Crowe v. Equitable Life Assur. Soc of United States*, 154 So. 52, 54; 179 La. 444, 451 (1934) (rejecting "total disability" as being wholly disabled or absolutely helpless, and instead, defining it as unable to perform the substantial and material acts of occupation in the usual and customary way); *Laborde v. Employers Life Ins. Co.*, 412 So.2d 1301,

2

(La.1982) (interpreting "inability to engage in 'every duty of his occupation' to mean the inability to 'perform the substantial and material part of his occupation in the usual and customary way.'"). We have interpreted these cases such that "[r]egardless [of] how the policy may define 'total disability,' . . . [under Louisiana law,] the term means the inability of the insured to do substantially all of the material acts necessary to the prosecution of his business or occupation in his usual and customary manner." *Gonzales*, 901 F.2d at 450. Guidry argues that the definition under *Gonzales* conflict with the policy's definition of "total disability," and so, he contends, the former should be the applicable standard.

The circumstances before us do not necessitate that we consider whether the policy conflicts with our holding in *Gonzales*. Since our holding in *Gonzales*, the Louisiana legislature has intervened. The Louisiana Insurance Code requires that all 'disability loss of income policies' issued in Louisiana after September 7, 1990 be consistent with the provisions of LA. REV. STAT. ANN. § 22:230.[2] *See* LA. REV. STAT. ANN. § 22:230(a); 1990 La. Acts 879. More specifically, it provides that covered policies "may be issued in this state consistent with the definitions and provisions of this Section." *Id.* By then defining the least restrictive definition of "total disability" allowed in income disability policies, this section supplants both previous Louisiana case law, and our holding in *Gonzales*, as to how these policies must define this term.[3] Thus, if the definition of "total disability"

---

[2] Guidry seeks benefits pursuant to a 'disability loss of income' policy issued by Mutual Life in 1994.

[3] Even if the statute did not apply, the policy's definition of "total disability" seems permissible. *Crowe*, *Laborde*, and *Gonzales* appear inapposite because those cases do not consider policies with a "partial disability" provision. Under Louisiana law, courts must interpret contracts so as to give effect to all provisions. LSA-C.C. art. 2049; *Natali v. Froeba*, 735 So. 2d 30, 34 (La. App. 1999). Here, the policy defines "partial disability" as an inability to perform a principal duty. Were this Court to construe "total disability" according to Guidry's interpretation, this Court would

3

in the policy is consistent with this section, the definition, and the policy, are valid as written.

The section provides in relevant part:

> "A general definition of total disability in such a policy shall be no more restrictive than the one requiring the individual to be totally disabled from engaging in any employment or occupation for which he is, or becomes, qualified by reason of education, training, or experience and which provides him with substantially the same earning capacity prior to the start of the disability."

LA. REV. STAT. ANN. § 22:230(c). Additionally, it provides that an insurer may "specify the requirement of the complete inability of the individual to perform all of the substantial and material duties of his regular occupation . . . " LA. REV. STAT. ANN. § 22:230(d).

Guidry is not disabled under either the definition of "total disability" in his insurance policy, or the least restrictive definition required by Louisiana statutory law. Guidry's relevant injuries include a C5-C6 ruptured disk with neuropathy of the nerve root, and injuries to his cervical spine. Guidry is a chiropractor. Initially he ran his own chiropractor business in Louisiana, but eventually moved to Texas. Absent the time between closing his practice in Louisiana and opening a new one in Texas, Guidry has not stopped working as a chiropractor. Guidry admits that he can perform all facets of his practice as he did before his injuries, except one, spinal manipulation, which he can perform with pain. However, Guidry still performs spinal manipulation, and has never refused to perform a spinal manipulation because of this pain. Additionally, he has developed methods to decrease the pain, though they do lengthen the time necessary to complete his work. However, this has never prevented him from performing a spinal manipulation, nor has it ever forced him to refuse a customer. Guidry is fully engaged in his chosen profession and is able to perform the principal duties of his occupation. Therefore his is not "totally disabled" and is not due benefits under the

---

effectively render the "partial disability" provision void.

4

insurance policy.

The district court's summary judgment ruling is AFFIRMED.