**4**

Eric S. KLEIN, Plaintiff–Appellant,

v.

NORTHWESTERN MUTUAL
LIFE INSURANCE CO.,
Defendant–Appellee.

No. 08–2663–cv.

United States Court of Appeals,
Second Circuit.

July 2, 2009.

Gary S. Klein, Sandak Hennessey & Greco, LLP, Stamford, C.T., for Plaintiff–Appellant.

Francis H. Morrison, III (Maria E. Kokiasmenos, on the brief), Axinn, Veltrop & Harkrider LLP, Hartford, C.T., for Defendant–Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. DAVID G. TRAGER,* District Judge.

---

* The Honorable David G. Trager, District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant Eric S. Klein appeals from the May 20, 2008, 562 F.Supp.2d 251, ruling of the United States District Court for the District of Connecticut (Hall, J.) granting summary judgment to Defendant–Appellee Northwestern Mutual Life Insurance Co. ("Northwestern"). Klein had brought suit against Northwestern for breach of contract and related claims based on Northwestern's failure to recognize Klein as "totally disabled" and entitled to corresponding benefits under two disability insurance policies that Klein had purchased from Northwestern. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

■ We turn first to Klein's appeal of the grant of summary judgment on his breach of contract claim. To determine whether Klein qualifies as "totally disabled" under the policies, we begin by interpreting the operative policy provisions, which " 'involves a determination of the intent of the parties as expressed by the language of the policy.' " *Springdale Donuts, Inc. v. Aetna Cas. & Sur. Co. of Ill.*, 247 Conn. 801, 724 A.2d 1117, 1119–20 (1999) (quoting *Aetna Life & Cas. Co. v. Bulaong*, 218 Conn. 51, 588 A.2d 138, 142 (1991)). When interpreting an insurance contract under Connecticut law, " '[t]he policy words must be accorded their natural and ordinary meaning ... [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy.' " *Id.* at 1120 (first alteration added) (quoting *Imperial Cas. & Indem. Co. v. State*, 246 Conn. 313, 714 A.2d 1230, 1236 (1998)). We agree with the district court, however, that the policy language unambiguously bars an insured from qualifying as totally disabled "[i]f the Insured can perform one or more of the

principal duties of the regular occupation." Klein's attempt before this Court to construe this provision as applying only to the initial policy period lacks any basis in the policy language. Looking to separate policy language defining totally disabled as being "unable to perform the principal duties of the regular occupation," Klein makes the separate argument that this definition is satisfied by his inability to perform "many" of his principal duties. But the district court correctly noted that this argument "completely ignores other pertinent language in the policies"—specifically, the "one or more" provision. *Klein v. Northwestern Mut. Life Ins. Co.*, 562 F.Supp.2d 251, 257 (D.Conn.2008). Klein's arguments in support of other interpretations of the policy cannot create ambiguity where none exists. *See, e.g., Springdale Donuts, Inc.*, 724 A.2d at 1120.

The case law Klein cites to support his interpretation cannot override the plain language of the policies. In any event, that case law is largely inapposite. Many cases Klein cites concern ambiguous policy language that is readily distinguishable from the provisions at issue in this case. *See Giddens v. Equitable Life Assurance Soc'y*, 445 F.3d 1286, 1297 (11th Cir.2006); *Dowdle v. Nat'l Life Ins. Co.*, 407 F.3d 967, 968 (8th Cir.2005); *Ogborne v. UNUM Life Ins. Co. of Am.*, No. 3:04CV7231, 2006 WL 2505905, at *2 (N.D.Ohio Aug. 28, 2006); *Gross v. UnumProvident Life Ins. Co.*, 319 F.Supp.2d 1129, 1132 (C.D.Cal. 2004). A number of the cases involve insureds whose disabilities forced them to leave their regular occupations. *See Giddens*, 445 F.3d at 1298–99; *Holt v. Northwestern Mut. Life Ins. Co.*, No. 1:04–CV–280, 2005 WL 2405958, at * 1 (W.D.Mich. Sept. 29, 2005); *Schajer v. Northwestern Mut. Life Ins. Co.*, 304 N.J.Super. 394, 701 A.2d 132, 135, 137 (1997). Still other cases concerned issues other than contract inter-

pretation. *See Guidry v. Northwestern Mut. Life Ins. Co.*, 88 Fed.Appx. 12, 14 & n. 3 (5th Cir.2004) (concluding that Louisiana statutory law obviated the need for contractual interpretation, but opining in dicta that "[e]ven if the statute did not apply, the policy's definition of 'total disability' seems permissible" under the relevant jurisprudence of Louisiana courts); *Toole v. Northwestern Mut. Life Ins. Co.*, No. CV97–0341287, 1999 WL 417374, at *1 (Conn.Super.Ct.1999) (denying summary judgment because insurer failed to catalogue insured's professional activities prior to his injury, noting that "the 'principal duties' of ones [sic] occupation cannot be gleaned alone from the period after alleged disablement"). In sum, none of these cases counsel a different interpretation of Klein's policies.

Klein also reprises his argument that the Connecticut Supreme Court of Error's decision in *Solberg v. Aetna Life Insurance Co.* requires the conclusion that Klein is totally disabled under the policies if he is unable to perform his principal duties "in a customary and usual manner." 151 Conn. 637, 201 A.2d 465, 466 (1964). We conclude, however, that the district court ably scrutinized *Solberg*'s holding, and we fully concur in the district court's understanding of the case. Klein's reading of *Solberg* ignores the difference between principal and incidental duties, and we therefore reject it.

As for Dr. William W. Dzwierzynski's statement that "Dr. Klein would have a disability from performing all the functions of his dental practice," we agree with the district court that this statement is not sufficient to defeat summary judgment. Regardless of how one interprets Dr. Dzwierzynski's comment, it cannot undermine the undisputed evidence that Klein is able to perform many of his principal duties as a dentist, which is sufficient un-

der the unambiguous language of his policies to preclude Klein from qualifying as totally disabled. For these reasons, we affirm the district court's grant of summary judgment on Klein's claim for breach of contract.

█ Klein also challenges the district court's grant of summary judgment on his bad faith claim and his claim under the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen.Stat. §§ 42–110a to 42–110q. His arguments on appeal, however, simply reprise his general allegations before the district court that Northwestern committed several acts that were unfair or done in bad faith, such as denying Klein's initial application for disability benefits, using claim forms that misleadingly diverge from the language in its policies, and covertly investigating Klein to test the veracity of his disability claim. These arguments do not address an important shortcoming on which the district court relied: Klein's failure to demonstrate that any of these alleged bad acts actually deprived him of contractual benefits to which he would otherwise be entitled.

As the district court correctly determined that Klein does not qualify for total disability benefits under the policies, Northwestern's refusal to pay these benefits cannot support Klein's bad faith and CUTPA claims. *See, e.g., McCulloch v. Hartford Life & Accident Ins. Co.*, 363 F.Supp.2d 169, 177 (D.Conn.2005) ("[A] plaintiff cannot recover for bad faith if the insurer denies a claim that is 'fairly debatable,' i.e., if the insurer had some arguably justifiable reason for refusing to pay or terminating the claim."); *Home Ins. Co. v. Aetna Life & Cas. Co.*, 235 Conn. 185, 663 A.2d 1001, 1008 (1995) (concluding that the implied covenant of good faith and fair dealing is not implicated by conduct that does not impair contractual rights, because the covenant only " 'requir[es] that neither

party [to a contract] do anything that will injure the right of the other *to receive the benefits of the agreement*'" (quoting *Habetz v. Condon,* 224 Conn. 231, 618 A.2d 501, 505 (1992))); *Stevenson Lumber Co.-Suffield, Inc. v. Chase Assocs., Inc.,* 284 Conn. 205, 932 A.2d 401, 406–07 (2007) ("[I]n order to prevail in a CUTPA action, a plaintiff must establish both that the defendant has engaged in a prohibited act *and* that, 'as a result of' this act, the plaintiff suffered an injury. The language 'as a result of' requires a showing that the prohibited act was the proximate cause of a harm to the plaintiff." (internal quotation marks omitted) (quoting *Abrahams v. Young & Rubicam, Inc.,* 240 Conn. 300, 692 A.2d 709, 712 (1997))). Because Klein has not shown the requisite causation and resulting harm, we affirm the district court's grant of summary judgment on Klein's bad faith and CUTPA claims.

All arguments not otherwise discussed in this summary order are found to be moot or without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.